UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                  CASE NO. 00-6168-Cr-FERGUSON
                                         MAGISTRATE JUDGE LURANA SNOW

BRUCE HOLLANDER,

    Defendant.
_____/

## DEFENDANT HOLLANDER'S RULE 17 (C) MOTION TO QUASH GOVERNMENT'S SUBPOENA

Defendant, **BRUCE HOLLANDER**, by and through undersigned counsel, files this Motion to Quash the Government's Subpoena, and in support thereof, states as follows:

### Background

The Grand Jury began its investigation sometime before June 20, 2000. The indictment was unsealed on June 20, 2000. A superceding indictment, adding numerous additional Counts was returned on September 6, 2001. This case is now set for trial on October 22, 2001.

On September 28, 2001, while Defendant and his attorney were at a pretrial discovery conference, the Government served Defendant HOLLANDER, in his capacity as



1

Records Custodian for Automated Title Services with the subpoena duces tecum attached hereto as exhibit one (1).

Rule 17(c) provides that "the court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive." United States v. Nixon, 418 U.S. 683, 696 (1974). The Supreme Court opined that in order for the subpoena to be valid, the three requirements of specificity, relevancy and admissibility must be met. Id. at 698.

### A) Lack of Specificity

The first burden the Government must meet is the requirement of specificity. Here, the government's subpoena must fail as it is inherently overbroad. "In describing the documents, the subpoena must refer to specific documents or, at least, to specific kinds of documents...Requesting entire files instead of specific documents indicates a fishing expedition." United States v. Ausbrook, 1993 WL 270506, 2 (D. Kan.). Further, the moving party must stipulate the reason for obtaining the documents and what information they will retrieve from the requested material. Id. at 2. Here, the Government has failed to meet the specificity requirement. The Government has neither indicated the reason for the production of the thirty seven (37) files requested or what information they hope to obtain from the materials sought. The Government has instead requested numerous files of transactions which have no direct correlation to the indictment. A subpoena duces tecum under Rule 17(c) "was not intended to provide a means of discovery for criminal cases..." United States v. Ausbrook, 1993 WL 270506 (D. Kan.) citing United States v. Nixon, 418 U.S. at 698. Here, the Government is using the subpoena as a means of discovery in an effort to see what may turn up and therefore, same must be quashed.

2

## B) Lack of Relevancy

When evidence is requested, the moving party has the burden of showing both relevancy and admissibility. "There must be a "sufficient likelihood" that the requested material is "relevant to the offenses charged in the indictment," and a "sufficient preliminary showing that...[the requested material] contains evidence admissible with respect to the offenses charged." United States v. Ausbrook, 1993 WL 270506 (D. Kan.) citing United States v. Nixon, 418 U.S. at 700. This subpoena is an attempt by the Government to expand the scope of the original indictment sub silento. At best, the requested documents may be relevant under Fed. R. Evid. 404(b), which is hardly necessary in this case. The Government has not identified why the documents requested are relevant or why they would be admissible. As the documents do not relate directly to the indictment, their only possible relevancy and admissibility would be under Rule 404(b). As indicated, the Government already has voluminous documentation it appears to intend to offer under Rule 404(b). Therefore, the Government's subpoena must fail as the Government has failed to meet the tests for both relevancy and admissibility of the requested material.

## C) Vexatious

The Government's subpoena is clearly an inappropriate discovery request. Compliance at this point is at best, vexatious. "A subpoena for documents may be quashed if their production would be 'unreasonable or oppressive'..." United States v. Nixon, 418 U.S. at 698. At this point in time, Defendant BRUCE HOLLANDER and his undersigned counsel are actively engaged in preparing for trial and thus, it would be inherently unfair to require Defendant to now attempt to try to find the requested documents in response to the

3

Government's subpoena which could have been sought a long time ago and more properly pre-indictment.

The proposed Government subpoena appears to be an attempted end run around the bar against the use of a grand jury subpoena after (superceding) indictment. Once there is an indictment the government cannot use a grand jury subpoena to gather evidence. Here, the government is using a rule 17(c) subpoena duces tecum to gather evidence, which could and should have been obtained at an earlier stage in these proceedings. Therefore, the Government's subpoena must fail where compliance with the government's subpoena at this point in the proceedings is unreasonable and oppressive.

**WHEREFORE**, Defendant, **BRUCE HOLLANDER,** for good cause shown, prays this Honorable Court will grant his Rule 17(c) Motion to Quash Subpoena Duces Tecum and for such other and further relief as may be just and proper.

Respectfully submitted,

HIRSCHHORN & BIEBER, P.A.
Attorneys for Defendant HOLLANDER
Douglas Centre - Penthouse One
2600 Douglas Road
Coral Gables, FL 33134
Telephone #: (305) 445-5320
Facsimile #: (305) 446-1766

By: _____
JOEL HIRSCHHORN
Florida Bar No. 104573

BRIAN H. BIEBER
Florida Bar No. 8140

4

HIRSCHHORN & BIEBER, P.A., DOUGLAS CENTRE, PENTHOUSE ONE, 2600 DOUGLAS ROAD, CORAL GABLES, FL 33134, TEL (305) 445-5320, FAX (305) 446-1766

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _____ day of October, 2001, to:

Jeffrey Kaplan, Esq.
Assistant United States Attorney
United States Attorney's Office
500 East Broward Boulevard, Seventh Floor
Fort Lauderdale, FL 33301

Philip R. Horowitz, Esq.
12651 S. Dixie Highway, Suite 328
Miami, FL 33156

_____
JOEL HIRSCHHORN

HIRSCHHORN & BIEBER, P.A., DOUGLAS CENTRE, PENTHOUSE ONE, 2600 DOUGLAS ROAD, CORAL GABLES, FL 33134, TEL (305) 445-5320, FAX (305) 446-1766