UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON

UNITED STATES OF AMERICA     )
                             )
v.                           )
                             )
BRUCE HOLLANDER              )
_____

NIGHT BOX FILED
OCT 15 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## GOVERNMENT'S OPPOSITION TO DISMISS THE SUPERCEDING INDICTMENT

The United States of America, by and through its undersigned counsel, hereby opposes the defendant's Motion To Dismiss the Superceding Indictment as factually and legally baseless, and states as follows:

1. In June 2000 the defendant was indicted in an eleven count indictment charging him and six others with conspiracy, bank fraud, loan application fraud, and making false statements to HUD. At that time the prosecuting attorney was AUSA Lynn Rosenthal. This matter was subsequently assigned to the undersigned AUSA who, after reviewing the indictment, realized that it needed to be superceded as Counts 8-11 were missing a column among other changes that needed to be made. The undersigned AUSA began preparing a superceding indictment. In discussing this case with one of the cooperating defendants it was mentioned how the defendant would promote the scheme by issuing checks at closing to coconspirator

1

Eric Silverman in order that Silverman could immediately cash the check and buy a fraudulent "gift" check to be used at another closing. The undersigned AUSA then decided to pursue money laundering charges. Around June 2001 the undersigned AUSA obtained the bank records necessary to consider those charges.

2. In August 2001 defense counsel contacted the undersigned AUSA regarding a continuance for this case. I informed him that we would be superceding the indictment in the next week or two, and adding additional charges, including a money laundering charge. I stated that he could still plead to the conspiracy count. Defense counsel stated that the money laundering charge was no big deal as the money laundering guidelines were changing, and that his client would not be facing much, if any, additional time. He stated that he would get back to me.

3. On September 6, 2000, the government superceded its indictment. The superceding indictment charges the defendant with conspiracy to commit mail and wire fraud, making false statements to obtain HUD insured loans, and money laundering conspiracy. Defense counsel now claims that the addition of the money laundering conspiracy charges are vindictive prosecution. He claims that the undersigned AUSA made threats that if his client did not plead guilty that he would be charged with money laundering.

4. The claims of defendant are ridiculous. I did not even

call the defendant he called me regarding a continuance for his client. I mentioned the superceding indictment. I stated that he could still plead to the conspiracy count. He stated that he would get back to me. It was not a threat. We contemplated the superceding indictment for months before the conversation, and were prepared to go forward.

5. It is particularly bothersome that the defendant files this motion knowing, but failing to cite, the existing case law (See paragraph 6 of defendant's motion). In <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 358-59 (1978) the prosecutor stated that he possessed the evidence necessary for the additional recidivist charge under the Kentucky Habitual Criminal Act at the time of the original indictment for the utterance of a forged instrument and admitted that the defendant's refusal to plead guilty led to the reindictment. The Supreme Court in <u>Borderkircher</u> held that as long as the prosecutor has probable cause to believe that an accused has committed an offense defined by statute, the decision whether or not to prosecute, and if so, what charge to bring to the grand jury, rests with the prosecutor's discretion. The court then held that the course of conduct employed by the prosecutor, which presented the defendant with the alternatives of pleading guilty and foregoing trial or facing charges on which he was plainly subject to prosecution, did not violate the due process clause of the fourteenth amendment. <u>Bordenkircher</u>, 434 U.S. at 365.

Similarly, in <u>United States v. Cole</u>, 755 F. 2d 748, 757-58 (11th Cir. 1985) the Eleventh Circuit held that there is no vindictiveness when a defendant properly chargeable with additional counts under superceding indictment and the defendant's refusal to plead led to the indictment.

6. As defendant's motion is legally and factually baseless, his motion must be dismissed.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____

JEFFREY N. KAPLAN
Assistant United States Attorney
FLA BAR No. A005500030
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255x3515
Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail, this 15th day of October, 2001, to: Joel Hirschhorn, Esq., Douglas Center, Penthouse One, 2600 douglas Road, Coral Gables, Florida 33134.

_____
JEFFREY N. KAPLAN
Assistant United States Attorney