DJS:kp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON

UNITED STATES OF AMERICA        )
                                )
v.                              )
                                )
BRUCE HOLLANDER                 )

NIGHT BOX
FILED

OCT 15 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## GOVERNMENT'S PROPOSED
## JURY INSTRUCTIONS

The United States of America respectfully requests the Court to instruct the jury in accordance with the attached proposed special and offense-related instructions as modified in addition to the Pattern Jury Instructions normally given by this Court in criminal trials. In so requesting, the United States expressly reserves the right to request additional instructions as appropriate in light of the evidence introduced and defenses raised through the remainder of the trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____

JEFFREY N. KAPLAN
Assistant United States Attorney
FLA BAR No. A005500030
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255x3515
Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this 16th

day of October, 2001, to: Joel Hirschhorn, Esq., Douglas Centre-Penthouse One, 2600 Douglas

Road, Coral Gables, Florida 33134.

JEFFREY N. KAPLAN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON

UNITED STATES OF AMERICA

-vs-

BRUCE HOLLANDER

_____/

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the indictment.

2.2
Duty to Follow Instructions
Presumption of Innocence
(When Any Defendant Does Not Testify)

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

Eleventh Circuit Basic Pattern Jury Instruction 2.2


_____ Granted

_____ Denied

3

Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

Eleventh Circuit Basic Pattern Jury Instruction 3

_____ Granted

_____ Denied

## 4.2
### Consideration of the Evidence, Direct
### and Circumstantial - - Argument of Counsel
### Comments by the Court

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Eleventh Circuit Basic Pattern Jury Instruction 4.2


_____ Granted

_____ Denied

5

Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must

<u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each

witness had to say, and how important that testimony was.  In making that decision you may

believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying

concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask

yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the

witness have any particular reason not to tell the truth?  Did the witness have a personal interest

in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have

the opportunity and ability to observe accurately the things he or she testified about?  Did the

witness appear to understand the questions clearly and answer them directly?  Did the witness's

testimony differ from other testimony or other evidence?

Eleventh Circuit Basic Pattern Jury Instruction 5


_____ Granted

_____ Denied

1.2

Accomplice - - Co-Defendant - - Plea Agreement

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.  However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.  So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

Eleventh Circuit Special Pattern Jury Instruction 1.2


_____ Granted

_____ Denied

6.2
Impeachment
Inconsistent Statement and Felony Conviction

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Eleventh Circuit Basic Pattern Jury Instruction 6.2

_____ Granted

_____ Denied

**8**
Introduction to Offense Instructions
(In Conspiracy Cases)

At this time I will explain the indictment which charges defendant Hollander with 13 separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count 1 charges that the Defendant and others knowingly and willfully conspired together to commit mail fraud, wire fraud and to make false statements in order to obtain loans that were insured by HUD. Count 13 charges that the defendant and others knowingly and willfully conspired to launder the proceeds received from mail fraud and wire fraud, by reinvesting the proceeds to further promote the fraudulent scheme. Counts 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, respectively, charge the commission of what are referred to as substantive offenses. Counts 2, 3, 4, 5, and 6 charge defendant Hollander with causing wire communications to be used to execute a scheme and artifice to defraud. Counts 7, 8, 9, 10, 11, and 12 charge defendant Hollander with knowingly causing false statements to be made in obtaining a loan with the intent that such loan be offered to, and accepted by HUD for insurance. I will explain the law governing those substantive offenses in a moment.

First, however, as to Counts 1 and 13, you will note that the Defendant is not charged in those Counts with committing a substantive offense; rather, he is charged with having conspired to do so.

Eleventh Circuit Basic Pattern Jury Instruction 8 as modified

_____ Granted

_____ Denied

- 8 -

11.1

General Conspiracy Charge
18 USC §371

Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme; <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement; <u>or</u> that the members had planned together <u>all</u> of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:  That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

<u>Second</u>: That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

<u>Third</u>:  That one of the conspirators during the existence of the conspiracy knowingly

- 9 -

committed at least one of the methods (or
"overt acts") described in the indictment; and

Fourth:    That such "overt act" was knowingly
committed at or about the time
alleged in an effort to carry out or
accomplish some object of the
conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

Eleventh Circuit Pattern Offense Jury Instruction 11.1

_____ Granted

_____ Denied

-10-

11.2
Multiple Objects
(For Use With General Conspiracy Charge)
18 USC § 371

In this instance, with regard to the alleged conspiracy, the indictment charges that the

Defendant conspired to commit mail fraud, to commit wire fraud, and with knowingly causing

false statements to be made in obtaining a loan with the intent that such loan be offered to, and

accepted by HUD for insurance.  It is charged, in other words, that he conspired to commit <u>three</u>

separate, substantive crimes or offenses.

In such a case it is not necessary for the Government to prove that the Defendant under

consideration willfully conspired to commit <u>all</u> of those substantive offenses.  It would be

sufficient if the Government proves, beyond a reasonable doubt, that the Defendant willfully

conspired with someone to commit <u>one</u> of those offenses; but, in that event, in order to return a

verdict of guilty, you must unanimously agree upon <u>which</u> of the three offenses the Defendant

conspired to commit.

Eleventh Circuit Pattern Offense Jury Instruction 11.2 as modified

_____ Granted

_____ Denied

34
False Statement to HUD
18 USC § 1010

Title 18, United States Code, Section 1010, makes it a Federal crime or offense for anyone to willfully make a false statement in order to obtain loans that were insured by the Department of Housing and Urban Development. The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

> First: That the Defendant knowingly and willfully made or caused to be made a false statement; and
>
> Second: That the Defendant made the false statement for the purpose of obtaining a loan from a corporation with the intent that the loan be offered to or accepted by the Department of Housing and Urban Development for insurance.

A statement or report is "false" when made if it is untrue and is then known to be untrue by the person making it.

It is not necessary, however, to prove that the lender or HUD were, in fact, influenced or misled. The gist of the offense is an attempt to influence a loan that the Defendant knows will be offered to HUD for insurance by willfully making a false statement or report.

Eleventh Circuit Pattern Offense Jury Instruction 34 for false statement to a federally insured financial institution as modified for false statement to HUD and to exclude the term "materially."

_____ Granted

_____ Denied

34

41.1

Mail Fraud
18 USC § 1341

Title 18, United States Code, Section 1341, makes it a Federal crime or offense for

anyone to use the United States mails in carrying out a scheme to defraud.

The Defendant can be found guilty of that offense only if all of the following facts are

proved beyond a reasonable doubt:

First:      That the Defendant knowingly devised or
            participated in a scheme to defraud, or for
            obtaining money or property by means of
            false or fraudulent pretenses, representations
            or promises;

Second:     That the Defendant did so willfully
            with an intent to defraud; and

Third:      That the Defendant used a commercial
            interstate carrier in order to mail, or cause to
            be mailed, some matter or thing for the
            purpose of executing the scheme to defraud.

The term "scheme to defraud" includes any plan or course of action intended to deceive or

cheat someone out of money or property by means of false or fraudulent pretenses,

representations, or promises.

A statement or representation is "false" or "fraudulent" if it relates to a material fact and is

known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or

caused to be made with intent to defraud.  A statement or representation may also be "false" or

"fraudulent" when it constitutes a half truth, or effectively conceals a material fact, with intent to

defraud.

A "material fact" is a fact that would be important to a reasonable person in deciding

whether to engage or not to engage in a particular transaction.  A fact is material if it has a

- 13 -

natural tendency to influence or is capable of influencing the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. However, whether a "fact" is "material" does not depend on whether the person was actually deceived.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material mailed was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the Defendant did the actual mailing.

What must be proved beyond a reasonable doubt is that the Defendant, with the specific intent to defraud, knowingly devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the indictment, and that the use of the United States mail was closely related to the scheme because the Defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.

To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate offense.

Eleventh Circuit Pattern Offense Jury Instruction 41.1 as modified by Eighth Circuit Pattern Offense Jury Instruction 6.18.1341 for mail fraud to define the term "material."


_____ Granted

_____ Denied

42.1

Wire Fraud
18 USC § 1343

Title 18, United States Code, Section 1343, makes it a Federal crime or offense for anyone to use interstate wire communications facilities in carrying out a scheme to defraud.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

> First: That the Defendant knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false pretenses, representations or promises;
>
> Second: That the Defendant did so willfully and with an intent to defraud; and
>
> Third: That the Defendant transmitted or caused to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud.

The word "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by means of false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact, with intent to defraud.

A "material fact" is a fact that would be important to a reasonable person in deciding whether to engage or not to engage in a particular transaction. A fact is material if it has a natural tendency to influence or is capable of influencing the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. However, whether a "fact" is "material" does not depend on whether the person was actually deceived.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material transmitted by wire was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the Defendant personally used the wire communication facility.

What must be proved beyond a reasonable doubt is that the Defendant, with intent to defraud, knowingly and willfully devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the indictment; and that the use of the interstate wire communications facilities was closely related to the scheme because the Defendant either used, or caused to be used, wire communications facilities in interstate commerce in an attempt to execute or carry out the scheme.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of such facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud constitutes a separate offense.

Eleventh Circuit Pattern Offense Jury Instruction 42.1 as modified by Eighth Circuit Pattern Offense Jury Instruction 6.18.1341 for mail fraud to define the term "material."

_____ Granted

_____ Denied

<u>Mail Fraud and Wire Fraud- Additional Instruction</u>

With respect to mail fraud and wire fraud it is not necessary for the government to prove that the defendant was actually successful in defrauding anyone.  It is not necessary for the Government to prove that anyone lost any money or property as a result of the scheme or plan to defraud.

An unsuccessful scheme or plan to defraud is as illegal as a scheme or plan that is ultimately successful.

<u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar and O'Malley §40.13 (last two paragraphs as modified).


_____ Granted

_____ Denied

11.1

General Conspiracy Charge
18 USC §1956(h)

Title 18, United States Code, Section 1956(h), makes it a separate Federal crime or

offense for anyone to conspire or agree with someone else to engage in certain kinds of financial

transactions commonly known as money laundering.  A money laundering conspiracy is very

similar to the conspiracy charged in Count I to defraud HUD, to file false statements with

financial institutions, and to commit mail and wire fraud, except that the object of the conspiracy

was to promote the scheme by reinvesting the proceeds received from filing of the false

statements with the financial institutions and committing mail and wire fraud into purchasing

additional properties that were to be used in the scheme, in violation of 18 USC

§1956(a)(1)(a)(i).   Also, in this money laundering conspiracy the government does not have to

prove that the defendant or the coconspirators committed any overt acts.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

| | |
|---|---|
| <u>First</u>: | That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in Count XXIX of the indictment; and |
| <u>Second</u>: | That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; |

A person may become a member of a conspiracy without knowing all of the details of the

unlawful scheme, and without knowing who all of the other members are.  So, if a Defendant has

a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in

that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

Eleventh Circuit Pattern Offense Jury Instruction 11.1 for general conspiracy as modified.

_____ Granted

_____ Denied

60.1
Money Laundering
Promoting Unlawful Activity
18 USC § 1956 (a)(1)(A)(i)

Title 18, United States Code, Section 1956(a)(1)(A)(i), makes it a Federal crime or offense for anyone to knowingly engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of conspiring to commit that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly conspired to conduct, or attempt to conduct, a "financial transaction" as hereafter defined;

Second: That the Defendant knew that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity;

Third: That the funds or property involved in the financial transaction did in fact represent the proceeds of "specified unlawful activity" - - in this case the proceeds of loan application fraud, wire and mail fraud; and

Fourth: That the Defendant conspired to engage in the financial transaction with the intent to promote the carrying on of such specified unlawful activity.

The term "conducts" means initiating, concluding, or participating in initiating or concluding a transaction.

The term "transaction" means a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition of funds or property; and, with respect to a financial institution, includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, or use of a safe deposit box.

The term "financial transaction" means - -

a transaction which in any way or degree affects interstate or foreign commerce involving one or more "monetary instruments" which includes coin or currency of any country, travelers or personal checks, bank checks or money orders, or investment securities or negotiable instruments in such form that title thereto passes upon delivery

or

a transaction which in any way or degree affects interstate or foreign commerce involving the transfer of title to any real property, vehicle, vessel or aircraft

or

a transaction involving the use of a "financial institution" which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.  The term "financial institution:" includes an agency of the United States government, a federally insured bank, and any persons involved in real estate closings and settlements.

The term "interstate or foreign commerce" includes any commercial activity that involves transportation or communication between places in two or more states or between some place in the United States and some place outside the United States.

The term "knowing that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity" means that the Defendant knew that

such funds or property represented proceeds from <u>some</u> form, though not necessarily <u>which</u> form, of a felony offense under state or Federal law.

The term "specified unlawful activity" means filing false statements with financial institutions, and committing mail and wire fraud.

It is not necessary for all of the funds involved in the financial transaction to represent the proceeds of some form of unlawful activity; it is sufficient for the United States to demonstrate that at least some part of the funds involved in the financial transaction were derived from a commingled account of which some part comes from a "specified unlawful activity."

Eleventh Circuit Pattern Offense Jury Instruction 60.1 as modified and to include the last paragraph in accordance with <u>US v. Cancelliere</u>, 69 F.3d 1116, 1120 (11th Cir. 1995).


_____ Granted

_____ Denied

7

Aiding and Abetting (Agency)

18 USC § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

Eleventh Circuit Special Pattern Jury Instruction 7


_____ Granted

_____ Denied

11.5

PINKERTON INSTRUCTION
(Pinkerton v. United States, 328 U.S. 640
66 S.Ct. 1180, 90 L.Ed. 1489 (1946))


In some instances a conspirator may be held responsible under the law for a substantive

offense in which he or she had no direct or personal participation if such offense was committed

by other members of the conspiracy during the course of such conspiracy and in furtherance of its

objects.

So, in this case, with regard to Counts 7, 10, and 11, respectively, if you have first found

defendant Hollander guilty of the conspiracy offense as charged in Count I of the indictment, you

may also find Defendant Hollander guilty of any of the offenses charged in Counts &, 10, and 11,

even though such Defendant did not personally participate in such offense if you find, beyond a

reasonable doubt:

>    First:       That the offense charged in such Count was
>                  committed by a conspirator during the existence of the
>                  conspiracy and in furtherance of its objects;
>
>    Second:      That Defendant Hollander was a knowing
>                  and willful member of the conspiracy at the time of the
>                  commission of such offense; and
>
>    Third:       That the commission of such offense by a
>                  co-conspirator was a reasonably foreseeable consequence
>                  of the conspiracy.


Eleventh Circuit Pattern Offense Jury Instruction 11.5 as modified

_____ Granted

_____ Denied

-26-

9.1
<u>On or About - - Knowingly - - Willfully</u>

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

Eleventh Circuit Basic Pattern Jury Instruction 9.1


_____ Granted

_____ Denied

10.2
Caution - - Punishment
(Single Defendant - - Multiple Counts)


A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

Eleventh Circuit Basic Pattern Jury Instruction 10.2


_____ Granted

_____ Denied

11
Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Eleventh Circuit Basic Pattern Jury Instruction 11


_____ Granted

_____ Denied

12

Verdict

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.


[Explain verdict]


You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

Eleventh Circuit Basic Pattern Jury Instruction 12


_____ Granted

_____ Denied