```
                    NIGHT BOX
                      FILED
                    OCT 18 2001
                  CLARENCE MADDOX
     UNITED STATES DISTRICT COURT  CLERK, USDC/SDFL/FTL
     SOUTHERN DISTRICT OF FLORIDA
```

CASE NO. 00-6168-CR-FERGUSON
Magistrate Judge Snow

UNITED STATES OF AMERICA,

　　　　Plaintiff,

vs.

BRUCE HOLLANDER,

　　　　Defendant.
_____/

### MOTION TO DISMISS THE SUPERCEDING INDICTMENT
### AND INCORPORATED MEMORANDUM OF LAW
### (Prosecutorial Vindictiveness)

　　　　Defendant, **BRUCE HOLLANDER**, by and through undersigned counsel, and pursuant to Fed. R. Crim. P. 12 (b) (1) files this Motion to Dismiss the Superceding Indictment and, in support thereof, states as follows:

　　　　1.  The Government returned a superceding indictment on September 6, 2001, which contained new and expanded charging language, additional counts and a new theory of prosecution: money laundering, not present in the original indictment.

　　　　2.  Prior to the return of the superceding indictment, four of the seven originally named defendants had pled guilty. A fifth defendant, Mark Cohen, pled guilty shortly thereafter on

September 20, 2001[1]. Therefore, at present the only remaining defendants are BRUCE HOLLANDER and Jean Lindor, who is a fugitive.

3. The Government offered BRUCE HOLLANDER the opportunity to plead guilty. The Government threatened HOLLANDER with facing additional money laundering charges if HOLLANDER refused to plead guilty. Rather than accepting the Government's abysmal plea offer, HOLLANDER, after consulting with counsel[2] exercised his constitutional right to be tried by a jury of his peers.

4. It was not until HOLLANDER'S attorney advised the Government that the defendant declined the Government's offer to plead guilty, that the new money laundering and expanded Counts were added to the superceding indictment. This action by the Government constitutes vindictive prosecution.

6. Although, we are mindful of the adverse existing case law, HOLLANDER'S case is distinguishable for the reasons set forth below: [3]

7. "Generally, a potentially vindictive superseding indictment must add additional charges or substitute more severe charges based on the same conduct charged less heavily in the first indictment." United States v. Suarez, 263 F. 3d 468 (6th Cir. 2001); citing United States v. Andrews, 633 F. 2d 449 (6th Cir. 1980). Here, the superceding indictment does precisely that: new previously uncharged allegations of money laundering, and expansion of the conduct charged in the first indictment. If the Government sincerely[4] intended to prosecute

---

[1] The only reason Mark Cohen did not plead earlier than September 6, 2001, was because of his attorney Philip Horowitz' commitments to other matters, including acting as court-appointed defense counsel in the extraordinarily lengthy "Cuban Spy" trial.
[2] Defendant and undersigned counsel believe there are legal issues which can only be resolved at a trial.
[3] This is not just an academic exercise. In a recent discovery meeting the assigned FBI agent told HOLLANDER: "this is [why are you] taking up my time going to trial, I should be fighting terrorists."
[4] The word "sincerely" hardly applies to the Government, which of course is an institution incapable of weeping, laughing, feeling, or otherwise emoting. The Government is without conscience.

HOLLANDER for money laundering, why did it not present money laundering allegations in the original indictment? The only logical conclusion to be drawn is that the Government increased the charges as a matter of vindictive prosecution. The Government did not obtain any new evidence, which would warrant the adding of additional counts. Rather, the money laundering was added after HOLLANDER opted not to plead guilty and pursue his constitutional right to a jury trial.

8. Webster's Dictionary defines "vindictive" as "1. disposed to seek revenge: vengeful and 2. intended to cause anguish or hurt: spiteful." Webster's Ninth New Collegiate Dictionary 1316 (9th ed. 1983). Here, the Government sought revenge when HOLLANDER opted not to plead guilty and the Government intended to cause anguish or hurt when it added the money laundering allegations. Thus, this prosecution must be labeled "vindictive."

9. It should be noted that in this country an individual is innocent until proven guilty. When one looks at the word "proven" closely, it should be noted that at this point in these proceedings nothing has been "proven" as to the criminal liability of Defendant HOLLANDER. So the question must be asked, at what point does it become acceptable in our judicial system to force an individual to choose between foregoing his constitutional right to a trial by jury or face additional charges? Here, this means that a defendant who chooses to go to trial faces the burden of additional charges. Where is the justice in that? The right to a jury trial is a sacred right granted by the United States Constitution. Somewhere along the way this time-honored right has been forgotten with respect to BRUCE HOLLANDER. It would seem that this practice, which sadly has become relatively routine in our Federal judicial system, clearly violates the Fifth Amendment's guarantee of Due Process of Law.

WHEREFORE, Defendant, **BRUCE HOLLANDER,** for good cause shown, prays this Honorable Court grant his Motion to Dismiss the Superceding Indictment and for such other and further relief as may be just and proper.

Respectfully submitted,

HIRSCHHORN & BIEBER, P.A.
Attorneys for Defendant HOLLANDER
Douglas Centre - Penthouse One
2600 Douglas Road
Coral Gables, FL 33134
Telephone #: (305) 445-5320
Facsimile #: (305) 446-1766

By: _____
JOEL HIRSCHHORN
Florida Bar No. 104573

BRIAN H. BIEBER
Florida Bar No. 8140

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand-delivered this 15 day of October, 2001, to:

Jeffrey Kaplan, Esq. (via facsimile (954) 356-7336 & U.S. mail)
Assistant United States Attorney
United States Attorney's Office
500 East Broward Boulevard, Seventh Floor
Fort Lauderdale, FL 33301



JOEL HIRSCHHORN