```
                                            NIGHT BOX
                                              FILED

                                             OCT 18 2001

                                           CLARENCE MADDOX
                                         CLERK, USDC/SDFL/FTL
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

        Plaintiff,

                              CASE NO. 00-6168-CR-FERGUSON
                              Magistrate Judge Snow

vs.

BRUCE HOLLANDER,

        Defendant.
_____/

**QUESTIONS PROPOSED BY DEFENDANT TO BE
PUT TO PROSPECTIVE JURORS ON VOIR DIRE**

      Defendant, BRUCE HOLLANDER, by and through undersigned counsel, and, in addition to the standard questions propounded by the Court to the prospective jury panel, the undersigned requests the attached enumerated questions supplement the voir dire, thereby enabling the

Defendant to make a more reasoned and meaningful decision with respect to the selection of trial jurors.

        Respectfully submitted,

        HIRSCHHORN & BIEBER, P.A.
        Attorneys for Defendant HOLLANDER
        Douglas Centre - Penthouse One
        2600 Douglas Road
        Coral Gables, FL  33134
        Telephone #: (305) 445-5320
        Facsimile #: (305) 446-1766



        By: _____
        JOEL HIRSCHHORN
        Florida Bar No. 104573

        BRIAN H. BIEBER
        Florida Bar No. 8140

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was ~~hand-delivered/mailed~~ sent via Federal Express and fascimile this 17th day of October, 2001, to:

Jeffrey Kaplan, Esq.
Assistant United States Attorney
United States Attorney's Office
500 East Broward Boulevard, Seventh Floor
Fort Lauderdale, FL 33301



        _____
        JOEL HIRSCHHORN

# **PROPOSED VOIR DIRE**

### A. **Acquaintance with trial participants**

1. Do you know any of the attorneys in this case?

2. Do you know the United States Attorney for this District or any of his assistants?

3. Do you know anyone employed by or connected with the staff of the United States Attorney's Office for this jurisdiction?

4. Do you know the Defendant or any of the witnesses in this case?

If the answer to any of the foregoing is yes, please ask the jury:

(a) How and under what circumstances have you known him/her?

(b) How well do you know him/her?

(c) How long have you known him/her?

(d) Would your knowledge of/relationship with or to him/her affect your ability to return a verdict adverse to the prosecutor in this case?

### B. **Jurors' Background**

1. How long have you lived in this area?

2. Where did you come from originally?

3. Where else have you lived?

4. Are you married? If so, for how long?

5. What is the your spouse's (former spouse's) occupation?

6. Do you have any children? If so:

    a) How many and how old are they?

    b) What is their occupation and marital status?

    c) Have any of your children ever sought employment in the field of law enforcement?

7. How far did you go in school? If a juror has had college background, please ask:

      a) What degree did you obtain?

      b) What was your major?

      c) Where did you attend college?

8. Have you taken any courses in law, law enforcement, or criminal justice? If so, please ask:

      a) Where?

      b) Why?

      c) How many such courses?

      d) Did you earn any degree related to those fields?

9. Please tell us about your spouse's/former spouse's education, employment history, interest, if any, in law, law enforcement or criminal justice.

10. What is your present occupation?

11. What are your current job responsibilities?

12. What is the name of your employer?

13. What is your employer's business?

14. What is the occupation of the person or persons with whom you live? (If you have not previously told us).

15. What is the name of the employer of any person or persons with whom you live, and all immediate (close) family members?

16. What is that person's employer's business?

17. If you or your spouse are or have previously been self-employed, what is the name and nature of that business?

18. If retired, what was your occupation prior to retirement?

19. Do you have supervisory responsibilities at your employment? Have you ever? If so, please describe.

20. Have you ever been, or are you a member of any union, fraternity or sorority, or

social or community organization? If so:

    a)    Please describe/identify.

    b)    For how long?

    c)    Do you currently hold, or have you ever held, a position of elected office, responsibility or trust within any of those organizations or groups? If so, what office or position?

21.    Other than what you have already described, what kinds of jobs and employment have you had since high school?

22.    Described the kinds of jobs and employment your parents, sisters and/or brothers (if any) have had as adults.

23.    If you attended college, did you participate in or were you a member of any:

    a)    Fraternity/sorority? If so, which one? Did you hold office? If so, what office?

    b)    Student Government?

    c)    Debate or Forensics? Please describe.

    d)    Social, political, educational or cultural groups? If so, please describe. Did you hold any offices? If so, which ones?

24.    Do you consider yourself to be:

    a)    Politically active?

    b)    Up to date on news events?

    c)    Religious?

25.    What do you do in your spare time?

26.    Do you have any hobbies? If so, what are they?

27.    Who are the three people -- dead or alive -- you admire the most?

28.    What do you think are the three major causes of crime?

29.    What do you think should be done to lower the crime rate?

30.    Do you think the criminal justice system is "too soft" on crime and those

who are convicted of having committed crimes? If so, please explain.

### C. Jurors' Employment by or Association with Federal Government, Law Enforcement Officials and/or Federal or State Agencies

1. Are you, any family members, close friends, relatives or neighbors, presently employed by the Federal Government?

2. Have you, any family members, close friends, relatives or neighbors, ever been employed by the Federal Government?

3. If yes to either of the first two questions, would you be influenced, or feel pressure, in your verdict or embarrassed in any way because of that employment?

4. Have you, any family members, close friends, relatives or neighbors, ever applied for a job with the Federal Government or law enforcement of any kind? If so, please explain.

5. Are you related to or a close friend or neighbor of any employee of the Department of Justice, I.R.S., F.B.I., D.E.A., Customs Service, Coast Guard, Postal Service, Public Safety Department, or any other municipal, State or Federal law enforcement agency, Police Department, Immigration and Naturalization, Alcohol, Tobacco and Firearms, Fish and Wildlife, or any other Federal law enforcement agency you can think of?

6. If the answer to the foregoing is yes, please ask the jury:

    (a) With whom?

    (b) What is his or her position?

    (c) How long have you known him or her?

    (d) How well do you know him or her?

7. Have you ever wanted to go into law enforcement?

8. Have you or your family ever done volunteer work (or worked on a campaign for a person running) for any law enforcement agency, appointment or political campaign? If so, please describe the individual and office or agency for which you volunteered.

9. Are you more likely to believe a witness' testimony because he/she is a law

4

enforcement officer?

10. Do you believe a law enforcement officer could tell a lie, or "shade" his/her testimony, even from the witness stand?

11. Before coming to court today, did you know any of the other prospective jurors? If so, please describe the nature of the relationship (friends, acquaintances, co-worker, etc.)

12. Are you related to or neighbors of any judge? If so:

a) Please identify the judge.

b) In what court does he/she sit?

c) How long have you known him/her?

d) How well do you know him/her?

e) Would your relationship with your neighborhood judge interfere with your ability to arrive at an impartial verdict in this case?

### D. **Jurors' Military Service**

1. Were you in the Military Service? If yes:

    a) What branch, highest rank achieved, length of service, and when/what years?

    b) What was your rank upon discharge?

    c) Did you serve or participate in any court martial proceedings? If so, in what capacity?

    d) Did you ever serve in the military police? If yes, for how long and in what capacity?

    e) Did you ever participate in active military combat? If so, when and where.

2. Have any family members or close family friends served in the military? If yes:

    a) Did any of them achieve a rank of captain or higher? If yes, what was the rank and what branch?

    b) Did any of them serve on a court martial? If so, in what capacity?

### E. **Prior Jury Service**

1. Have you ever served on a trial jury before? If so, when, where, and what type of case was involved?

2. Was the case in State or Federal Court?

    a) Do you remember the names of any of the lawyers or the trial judge?

3. Was the jury able to reach a verdict?

4. Do you remember your verdict?    (Do not disclose the verdict).

5. Is there anything about your earlier jury service which would affect your ability to sit as a juror in this case?

6. Were you the foreperson of the jury?

6

7. Would you describe your previous jury service as a good or bad experience?

8. What, if anything, would you like to see changed -- or different -- about the jury system, the jury selection process, or the jury service?

9. Have you ever served on a grand jury? If so, where and when? (And, if so, the court should explain the difference between a trial jury and the grand jury).

10. If you have served on a grand jury, can you be fair and open minded in this case, even though the Defendant has been indicted by a grand jury?

(Explain again, if necessary, the difference between the grand jury and a trial jury).

11. Do you understand the differences between a civil and criminal trial? (If jurors have acknowledged having served on a civil jury, then explain the differences).

### F. Jurors' Prior Involvement with the Legal System

1. Have you, any family members or relatives, close friends or neighbors, ever been the victim of, or a witness to, a crime? If so, please describe.

2. Have you, or any family member, ever testified in a criminal case? If yes:

a) When, where, and did the matter go to trial?

b) Did the experience leave you with the impression that people charged with a crime should be convicted? If so, please explain.

3. Have you ever testified in a civil case? If so:

a) Please describe the circumstances.

b) Were you a fact or expert witness? If an expert, what was the subject matter of your testimony?

4. Other than what you have already told us, have you ever been in a courtroom for any reason? If so, please tell us about that.

5. Do you participate in any crime prevention, Neighborhood Watch, drug counseling, or similar program or group? If yes, please explain.

6. Do you contribute to the Police Benevolent Association (PBA) or the

Fraternal Order of Police (FOP)? If yes, are you active in those groups -- other than making a modest financial contribution?

**G. Witnesses**

1. Do you feel that the average person is more inclined to believe a law enforcement officer's testimony than a lay witness? Why?

2. Would you give added weight to the testimony of a police officer or agent of the federal government simply because he or she is a law enforcement officer? Why?

3. Would you be inclined to side with the prosecution simply because law enforcement officers testified on the prosecution's behalf and the Defendant did not? If so, please explain.

4. Would you be inclined to return a verdict of guilty if the Prosecution put on more witnesses than the Defendant? Why?

5. In this case, the prosecution may call law enforcement officers to testify in her case and the Defendant may call witnesses during the defense case. There may be a conflict in the testimony between what the law enforcement officers say and what the defense witnesses say. If that were to occur, would you be more likely to believe the law enforcement officer's testimony than the other witnesses? Why?

6. Would you be more or less likely to believe an expert witness for the prosecution as opposed to the testimony of an expert witness for the defense? Why?

7. Have you ever had any personal experiences with any police or other law enforcement officers? If yes, please tell us about that.

8. Would your experiences with law enforcement officers tend to make you believe that law enforcement officers are special and their testimony is more believable than the testimony of some other person? Why?

9. Can you recall any instance in which you thought law enforcement officers made a mistake? If yes, please tell us about that.

### H. Cooperating Individual

1. What do you think about a person who admits that he or she committed a crime and then testifies that there were other persons involved in the crime?

2. Would you be more or less likely to believe what that person said just because they had admitted that they themselves had committed a crime? Why?

3. If you know that a friend or close acquaintance was involved in a criminal activity, would you report that person to the police?

4. How do you feel about the prosecution plea bargaining with people who have admitted they committed crimes, where the essence of the bargain is to give the admitted law violator a reduced sentence and sometimes even monetary rewards in exchange for his/her testimony?

5. Are you more likely to believe the testimony of a person who has entered into a plea bargain with the Prosecution than the testimony of other witnesses? If so, why?

6. If you were instructed by the Court that you must receive the testimony of an accomplice or a person who has plea bargained with the prosecution with caution, and consider it with great care, what would that mean to you?

    a) If I gave you such an instruction, could you follow that instruction? Would you follow that instruction?

### I. Jurors' Knowledge of and Attitude Toward the Defendant and the Crimes Charged

1. I've explained to you what the charges are in this case. Is there anything about the nature of these charges or this case which will prevent you from considering the evidence in this case fairly and with an open mind?

2. Do you have any feelings about real estate, mortgage or insurance matters which would prevent you from being fair in this case?

3. Have you, any member of your family or any close friend, relative or

9

neighbor ever had a bad experience with an attorney or in a real estate transaction which would prevent you from being fair to the Defendant and rendering a fair verdict in this case?

4. Have you ever worked for/with any organization involving real estate, title insurance, mortgage lending, banking or HUD? If so, which group and what did you do for it?

5. Do you feel that a person charged with fraud is more likely to be guilty than if one was charged with another crime?

6. Do you believe the Government should use informants in cases such as this and, if so, why?

7. Do you believe that someone can be present at the scene of a crime or where criminal activity is discussed or even occur and not necessarily be guilty of a crime?

8 Do you have any particularly strong feelings about the crime which we call money laundering?

9. Other than what you have heard in Court today, has anyone told you anything about this case? If yes, what did they tell you, what was your reaction and what opinion, if any, did you form?

10. Is there anything about the nature of this case that affects you one way or another? If yes, please tell us about that.

11. Since the prosecution has charged the Defendant, do you feel he must have done something wrong? Do you believe the prosecution would have charged the Defendant if he didn't commit a crime? Please explain.

12. As you sit there right now, do you believe that since the prosecution has charged the Defendant, he must be guilty of something? Please explain.

13. In light of the charges against the Defendant, do you believe that you could be fair to him, as well as the prosecution, in this case? Why?

14. Do you feel as you sit here now that you are in such a frame of mind that you would be able to give the prosecution and the Defendant a fair trial?

15. Is there anything about the nature of the alleged crimes which would influence your judgment in any way? If yes, please explain.

16. Do you currently or have you ever held feelings of prejudice against a person based upon his or her race, color, religion, ethnic background, or nationality? If so:

   a) Can you set those feelings aside?

   b) Where would you "set" those feelings?

17. Is there anything that you haven't told us about your attitudes, feelings, background and knowledge which we should know in order to determine whether or not we believe you could sit fairly and impartially in this case? If so, please tell us.

**K.    Publicity**

1. Have you heard or read anything about this case? If yes, what did you read or hear and what was your reaction?

2. Based on what you have read or heard about this case, do you feel you have formed some kind of opinion regarding this case or any of the individuals involved in this trial? If yes, what is that opinion?

3. Would it be easy or difficult for you to set aside any opinions you have formed and decide this case based solely on the evidence, exhibits and testimony? Why?

4. Before coming to Court today, based on what you have heard or read, have you ever expressed an opinion to anyone, including other prospective jurors regarding this case? What was that opinion?

5. Describe your feelings regarding people you read about in newspapers, magazines, and books, or see in movies and on television, who use, buy, or sell drugs.

6. There may be media reports of this trial. Were that to occur, will you be able to follow the Court's instructions to not read about this case in the newspaper, or listen to it on the radio, or watch it on television?

### L. Defense Attorney

1. Do you feel that defense lawyers represent only people who are guilty?

2. As you sit there right now, do you have any reaction or feelings about the defense lawyer representing the Defendant in this case?

3. If a defense lawyer objects to evidence that the prosecutor was trying to offer, do you feel that you would hold it against the accused? Why?

4. Have you ever had a particularly bad experience with, or because of, an attorney? Please explain.

5. Do you have any personal feelings or attitudes as a result of some experience you have had with an attorney, or something you read, heard on the radio, saw or heard on television or in the movies about attorneys -- especially criminal defense attorneys -- which would prevent you from being fair in this case?

### M. Legal Principles: Reasonable Doubt, Burden of Proof; Right to Remain Silent

1. Do you believe that after hearing just the Indictment in this case, that most people will start off siding with the prosecution? Why?

2. Do you believe that in a case like this that the accused should be presumed innocent until proven guilty beyond a reasonable doubt? Why?

3. Do you believe that in order for you to return a verdict of not guilty against the Defendant, that he would have to present evidence, witnesses, or documents proving his innocence? Why?

4. The presumption of innocence is not to shield the guilty but to protect the innocent. How do you feel about that?

5. If you felt that the prosecution did not meet its burden of proving the Defendant guilty beyond a reasonable doubt, would you hesitate to bring back a verdict of not guilty? Why?

6. Seeing the Defendant here, do you feel that you are emotionally capable of bringing in a verdict of not guilty should the prosecution fail to prove the alleged crime beyond a reasonable doubt?

7. Do you think it is right that the prosecution, as well as the Defendant, is entitled to have 12 jurors with open minds, who are fair, unprejudiced and not biased? Why?

8. Do you agree the Defendant should get the benefit of any and all reasonable doubts?

9. Can you, as a juror, return a verdict of "not guilty" if, after hearing all of the evidence and testimony, you believe there are two reasonable theories, one which leads to a conclusion of "not guilty" and the other which points to "guilty" since the prosecution has the burden of proving beyond a reasonable doubt each and every element of the alleged crime?

10. Do you think it is right to require only the prosecution to come forward with proof beyond a reasonable doubt before you can find the Defendant guilty? Why?

11. What opinion, if any, have you formed as to the guilt or innocence of the Defendant on trial?

12. How many of you would hold it against a Defendant if he did not testify at this trial in front of you?

13. How many of you feel that a Defendant would have to be guilty of something if he did not testify?

14. How many of you agree with the statement that if you were charged with a crime that you did not commit you would not testify?

15. What are some reasons why a person might chose not to testify?

16. Would you want the Defendant to testify in this case? And, if he does not, will you feel you did not hear the whole story?

17. The law of this land provides that a Defendant does not have to testify in any criminal case. The law also says that if a person does not testify you may not consider that for any

purpose in deciding whether they are guilty or not guilty. In light of your previous answers to me, how many jurors feel they would not be able to follow that law?

18. Some people feel that a person charged with a crime should testify on his own behalf. Other people feel that a person might testify falsely to win the case. This could cause quite a dilemma since some jurors would want a person to testify and other jurors think the person might not be truthful in order to win the case. Under those circumstances, what do you think the accused should do to make sure he gets a fair trial?

19. If, during the deliberations, you find you are of one view and the rest of the jurors are of an opposite view, and if, after full and open discussion, you were convinced by reason and logic that you are correct, will you be able to adhere to your decision, notwithstanding the fact that all of the other jurors may disagree with you?

20. Is there anyone on this panel who believes that, because a criminal charge has been brought against the Defendant, you would consider the fact that the charge was filed to mean the Defendant is guilty, or is probably guilty, and because of that you would find him guilty, irrespective of whether the Government fails to establish the allegations contained in the Indictment beyond a reasonable doubt?

21. You realize, of course, that you will have to return a verdict of "Guilty" or "Not Guilty" in this case. Under the law, a Defendant must be found "Not Guilty" unless the evidence proves his guilt beyond a reasonable doubt. It is not sufficient for a conviction if the evidence shows the Defendant to be probably guilty. If you heard the evidence and concluded that the Defendant may be, or probably was, guilty but you were not convinced beyond a reasonable doubt, would you be able to return a verdict of "Not Guilty"?

### N. Separate Verdicts and Evidence

1. The Defendant is charged in separate counts of the Indictment with several different crimes. Each of the alleged crimes are separate and distinct. Can you consider the evidence separately as to each of the counts and arrive at a separate verdict as to each one of these

Counts as to the Defendant?

2. Do you understand that it will be your responsibility to evaluate the evidence separately and then arrive at separate verdicts with respect to each of the Counts or charges against the Defendant?

3. Do you understand that your verdict as to any one count of the Indictment must not control, or even affect, your verdict(s) as to the other count(s) of the Indictment?

### O. Miscellaneous

1. Do you understand that an attorney, whether prosecuting or defense attorney, has a legal duty and professional responsibility to object to evidence which he reasonably believes should not be offered by the prosecutor?

2. Do you understand that you cannot consider the fact that objections were made to certain evidence as an indication of the Defendant's guilt?

3. Do you have any belief or opinion that any of the offenses with which the Defendant is charged are unique in any respect, in the sense that they should be pursued with extraordinary vigor, or that they shouldn't constitute an offense, or that they carry penalties which you may consider improper?

4. If you were the U.S. Attorney charged with the responsibility for prosecuting this case, or if you were the Defendant on trial here today charged with the same offenses, or his attorney, do you know of any reason why you would not be satisfied to have your case tried by someone in your frame of mind and with the attitudes and beliefs you hold?

5. Can you think of any other matter which you should call to the Court's attention which may have some bearing on your qualifications as a juror, or which may prevent your rendering a fair verdict based solely upon the evidence and the Court's instructions as to the law?