UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-

BRUCE HOLLANDER,

        Defendant.

_____/

### DEFENDANT HOLLANDER'S MOTION IN LIMINE TO PRECLUDE PREJUDICIAL AND IRRELEVANT EVIDENCE AND INCORPORATED MEMORANDUM OF LAW

    Defendant, **BRUCE HOLLANDER**, by and through undersigned counsel, and pursuant to Federal Rules of Evidence 403 and 404(b), files this Motion in Limine to Preclude Prejudicial and Irrelevant Evidence, and in support thereof, states as follows:

    1.    The Government has indicated it intends to introduce certain testimony and documentary evidence identified as the Information Data Services, Inc., Summary and Analysis Report (Undated) and Follow Up Report dated January 11, 1998. This report and all testimony regarding same are not relevant to the issues raised by the Indictment. Introduction of same will be unduly prejudicial to Defendant.

    2.    The Government's discovery includes copies of Automated Title Services (ATS)

Trust and Escrow account(s).[1] We do not contest the fact that certain of ATS' checks are relevant and admissible,[2] and we do not oppose the admission of **relevant** checks, but we do object to the wholesale, broad brush introduction of ATS and Hollander bank records which will only confuse and mislead the jury, unduly lengthen the trial and not contribute to the fact finding process.

3. The Government has advised, by letter dated October 11, 2001, it may seek to introduce other, not charged, closing files which, we suggest, is totally unnecessary, alleged "similar" or in some instances "dissimilar" acts evidence.

## MEMORANDUM OF LAW

All evidence regarding Defendant's trust and escrow accounts is irrelevant and should be excluded because its "prejudicial nature greatly outweigh[s] its probative value." United States v. Hands, 184 F.3d 1322, 1327 (11th Cir. 1999) (reversing conviction because evidence of prior spousal abuse was irrelevant to narcotics charges, and, even if it were not irrelevant, such evidence had a prejudicial effect which far outweighed its probative value). Even if the evidence of the state of Defendant's accounts in 1997-1998 were considered intrinsic to the crime charged, the evidence should still be excluded under Fed.R.Evid. 403 because the prejudicial effect substantially outweighs any probative value same may have. The court has the authority to "exclud[e] [a] matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Veltman, 6 F.3d 1483, 1500 (11th Cir. 1993), quoting, United States v. McRae, 593 F.2d 700, 707 (5th Cir. 1979). The prejudicial effect of Defendant's trust and escrow accounts is overwhelming, and the probative value is minimal.

---

[1] The Government, on October 11, 2001, advised it intended to offer evidence of "deficiencies in [Hollander's] trust account."
[2] For example, checks which relate to the transactions at issue.

HIRSCHHORN & BIEBER, P.A., DOUGLAS CENTRE, PENTHOUSE ONE, 2600 DOUGLAS ROAD, CORAL GABLES, FL 33134, TEL (305) 445-5320, FAX (305) 446-1766

Likewise, the other, above referenced evidence sought to be introduced by the Government should be excluded under Fed.R.Evid. 404(b). There is a three-step analysis to determine the admissibility of evidence that is offered under Rule 404(b).

> First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Federal Rule of Evidence 403.

United States v. Utter, 97 F.3d 509, 513 (11th Cir. 1996), citing, United States v. Miller, 959 F.2d 1535 (11th Cir. 1992). In Utter, one of the crimes charged in the indictment was arson, and the government introduced evidence of previous arsons committed by the defendant and threats of arson he made to one of his tenants in order to scare her. Utter, 97 F.3d at 513. The defendant's conviction was reversed because the evidence was not relevant and should not have been admitted under Fed.R.Evid. 404(b). Id. at 516.

Likewise, the evidence sought to be introduced (Information Data Services Reports, ATS' bank accounts and other real estate closing files) in the present case is not relevant because this evidence has no relevance to the charges for which Defendant was indicted and, even if marginally relevant, on balance the prejudice to the Defendant outweighs the probative value of, and the Government's need for, the above described evidence. Moreover, the Indictment does not allege any improprieties with respect to Defendant's or ATS' Trust/Escrow accounts.

**WHEREFORE**, Defendant, **BRUCE HOLLANDER**, prays this Honorable Court grant Defendant's Motion in Limine to Preclude Prejudicial and Irrelevant Evidence, and such other relief as is just and proper.

> HIRSCHHORN & BIEBER, P.A.
> Attorneys for Defendant HOLLANDER
> Douglas Centre, Penthouse One
> 2600 Douglas Road
> Coral Gables, FL 33134
> Telephone #: (305) 445-5320
> Facsimile #: (305) 446-1766
>
> By: _____
> JOEL HIRSCHHORN
> Florida Bar No. 104573
>
> BRIAN H. BIEBER
> Florida Bar No. 8140

CASE NO. 00-6168-CR-FERGUSON

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing Motion in Limine to Preclude Prejudicial and Irrelevant Evidence was faxed and mailed this 1st day of November, 2001, to:

Jeffrey Kaplan, Esq.
Assistant United States Attorney
United States Attorney's Office
500 East Broward Boulevard, Seventh Floor
Fort Lauderdale, FL 33301


JOEL HIRSCHHORN