UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

BRUCE HOLLANDER,

        Defendant.
_____/

### DEFENDANT'S SUPPLEMENTAL OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT

Defendant, BRUCE HOLLANDER, by and through undersigned counsel, files his Supplemental Objections to the Pre-Sentence Investigation Report, and, as grounds therefor, states as follows:

**Paragraph 8:** Objection: The Pre-sentence Investigation Report states that 8 out of 125 (or 6.4%) closings went in to foreclosure. Moreover, as Defendant will establish at sentencing, that 6.4% rate of foreclosure is nearly identical to the average for typical HUD insured home purchases in this geographic area. See First Defaults by Loan Characteristics; Originations Defaulting Within Two Years, statistics available in https://entp.hud.gov/clas.

**Paragraph 38:** Objection: The conduct for which Defendant was convicted falls outside the "heartland" of typical money laundering cases. Based on the record evidence, Defendant's offense conduct is more appropriately represented by the fraud guidelines. U.S.S.G. § 2F1.1.

Accordingly, Defendant should be sentenced pursuant to U.S.S.G. § 2F1.1, the guidelines for fraud. See United States v. Renick, 273 F.3d 1009, 1022 (11th Cir. 2001).

**Paragraph 39:** Objection: Defendant objects to the base offense level predicated on the $943,351.00 figure. Defendant maintains the applicable loss figure for guidelines purposes is less than $70,000.00. Because sentencing Defendant under the fraud guidelines in effect at the time of the offense will yield a more lenient punishment than sentencing Defendant pursuant to the fraud guidelines in effect at the time of trial and/or sentencing, Defendant is entitled to be sentenced under the fraud guidelines in effect at the time of the offense. See United States v. Wilson, 993 F.2d 214, 216 (11th Cir. 1993). The offense conduct occurred between May 1997 and January 1998. Therefore, this court should sentence Defendant pursuant to the Federal Sentencing Guidelines effective November 1, 1997, § 2F1.1. Accordingly, under the 1998 guidelines, with a loss of less than $70,000.00, Defendant's base offense level is 11. U.S.S.G. § 2F1.1 (1998). However, should this Court decide to sentence Defendant pursuant to the money laundering guidelines, Defendant is entitled to be sentenced pursuant to the current version of U.S.S.G. § 2S1.1 (effective November 1, 2001), see Wilson, 993 F.2d at 216, as that is more lenient than the money laundering guidelines in effect at the time of the offense conduct.

**Paragraph 40:** Objection: Defendant maintains that a two level increase under U.S.S.G. § 2S1.1(b)(2)(B) is inapplicable to the facts and circumstances of this case, was not proven at trial, and is unconstitutional as applied.

**Paragraph 41:** Objection: Although Defendant does not dispute the two point enhancement for using his skills as an attorney (U.S.S.G. § 3B1.3), Defendant objects to the omission of a two point reduction for his minor role in the offense. (U.S.S.G. § 3B1.2) The record evidence clearly demonstrates that HOLLANDER was not aware of the illegal acts of his

HIRSCHHORN & BIEBER, P.A., DOUGLAS CENTRE, PENTHOUSE ONE, 2600 DOUGLAS ROAD, CORAL GABLES, FL 33134, TEL (305) 445-5320, FAX (305) 446-1766

co-defendants, including their mortgage fraud, until after 40 of the 41 closings occurred. The evidence also showed that Defendant had stopped doing closings for the co-defendants for at least three months and that the forty-first closing occurred while Defendant was out of the country. In addition, Defendant was involved in far fewer transactions (41) than the total number carried out by his co-defendants Mark Cohen, Eric Silverman, and Jean Dufralessi (125).

**Paragraph 44:** Objection: Defendant objects based upon the reasons set forth in his objections to paragraphs 39, 40, and 41. Defendant maintains his Adjusted Offense Level should be 11.

**Paragraph 46:** Objection: Defendant challenged the law, not the essential facts. Defendant will be submitting a letter accepting responsibility for his actions and conduct. The only reason that HOLLANDER put the Government to the "burden" of a trial was to preserve the legal issues which could not otherwise be addressed on Appeal. Based upon his unequivocal acceptance of responsibility, he should be entitled to a downward adjustment of two (2) points (U.S.S.G. § 3E1.1), thus his Total Offense Level should be 9.

**Paragraph 47:** Objection: Defendant objects based upon the reasons set forth in the objections to paragraphs 39, 40, 41, and 46. Defendant maintains his Total Offense Level should be 9.

**Paragraph 98:** Objection: Defendant objects to the total offense level of 24 and the guideline imprisonment range of 51 to 63 months. Defendant submits the correct total offense level is 9. With a criminal history category of I, the guideline imprisonment range should be 4 to 10 months.

**Paragraph 99:** Objection: Defendant objects based on the reasons set forth in his objection to paragraph 98.

3

**Paragraph 104:**  Objection: Defendant's applicable guideline range for probation is in Zone B, and Defendant is eligible for probation pursuant to U.S.S.G. § 5B1.1(a)(2).

**Paragraph 107:**  Objection: Defendant objects to the amount of restitution owed. Defendant has requested that the Government provide the documentation demonstrating how the Government arrived at the restitution amount of $388,183. Until that documentation is received, Defendant cannot adequately and specifically respond to the Probation Office/Government's calculation of loss.

**Paragraph 109:**  Objection: Defendant anticipates filing a Motion for Downward Departure based upon various grounds.[1]

Respectfully submitted,

HIRSCHHORN & BIEBER, P.A.
Attorneys for Defendant HOLLANDER
2600 Douglas Road, PH One
Coral Gables, FL 33134
Telephone #: (305) 445-5320
Facsimile #: (305) 446-1766

By: _____
JOEL HIRSCHHORN
Florida Bar No. 104573

BRIAN H. BIEBER
Florida Bar No. 8140

---

[1] Defendant's counsel is awaiting receipt of certain medical records and other information in order to decide whether, and if so on what grounds, to file a Motion for Downward Departure.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile and U.S. mail this ____ day of February, 2002, to:

Jeffrey Kaplan, Esq. (via facsimile (954) 356-7336 & U.S. mail)
Assistant United States Attorney
United States Attorney's Office
500 East Broward Boulevard, Seventh Floor
Fort Lauderdale, FL 33301

Ms. Georgann Stanley
U.S. Probation Officer
Federal Courthouse
299 E. Broward Boulevard
Room 409
Fort Lauderdale, FL 33305-1865

JOEL HIRSCHHORN

HIRSCHHORN & BIEBER, P.A., DOUGLAS CENTRE, PENTHOUSE ONE, 2600 DOUGLAS ROAD, CORAL GABLES, FL 33134, TEL (305) 445-5320, FAX (305) 446-1766