UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>00-6168-CR-FERGUSON</u>



UNITED STATES OF AMERICA        )
                                )
v.                              )
                                )
BRUCE HOLLANDER                 )

---

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S
## MOTION FOR DOWNWARD DEPARTURE

The United States of America, by and through its undersigned counsel, hereby files this Opposition to Defendant's Motion for Downward Departure, and states as follows:

1.     The defendant has filed a motion for downward departure setting forth the following five grounds as the basis for relief:

A.     The fraud loss overstates the seriousness of the offense.

B.     There are multiple causes of the fraud loss.

C.     That the defendant will lose his law license.

D.     The alleged fault of the victim.

E.     That there is a disparity in the sentence of the defendant and his co-defendants.

2.     If anything, the defendant is deserving of an upward departure, not a downward departure.  As set forth in paragraph 70 of the PSI the defendant previously received two public reprimands

1

from the Florida Bar for unprofessional conduct. This should be, but has not been considered in computing the his Sentencing Guidelines. Also, the defendant directed at least three others to commit fraudulent acts. Yet, he has not received a role adjustment. He utilized two of his employees, Terry Ellis and Lybea McGhie, to prepare fraudulent title commitments. When he lost his underwriter he asked McGhie to prepare a fraudulent title commitment, and used another lawyer named David Javits for the closing. In <u>United States</u> v. <u>Paslay</u>, 971 F2d 667 (11th Cir. 1992), the Eleventh Circuit upheld an upward departure on the basis that the defendant recruited otherwise innocent people to participate in his fraud scheme. Certainly, Javits was an innocent participant. Ellis and McGhie prepared the fraudulent documents, because otherwise the would lose their jobs. Further, the defendant obstructed justice by "stonewalling" the HUD auditors. The defendant did receive an enhancement under Guideline Section 3C1.1 for obstruction of justice. However, obstructing an agency investigation is a criminal offense under 18 USC Section 1505, and can be the basis for an upward departure. Thus, the defendant should receive a higher sentence than his current guidelines range.

**The Fraud Loss Does Not Overstate the Seriousness of the Offense**

3.    The defendant claims that the fraud loss overstates the seriousness of the offense. To the contrary the fraud loss understates the seriousness of the offense. If this were almost

2

any other type of fraud case the loss would equal the total amount of the loan proceeds whether or not the victim lost any money. The defendant's fraud loss would be at least $3,000,000. Due to the special rules pertaining to loan application fraud the defendant's loss is just under $800,000. Contrary to the statements of the defendant, the fraud loss does not include any amounts for the performing loans. Thus, even though the defendant prepared false title commitments on 41 loans, the fraud loss for the defendant does not include any loss on 32 of these loans, because none of the 32 loans have gone into default. Again, in most other fraud cases that would not make a difference, and the defendant would receive an upward adjustment for some intended loss. Thus, the defendant receives a substantial benefit, because the borrowers, through no help of the defendant, have made payments on their loans.

4.    The defendant claims that there is no actual loss as the properties were sold at or below appraised value after being purchased at appraised value. HUD and other lenders incurred losses due to the actions of the defendant and it makes no difference what the property had been appraised for. The defendant claims that the defendant's offense conduct consists of submitting title commitments, upon which HUD did not rely. First, the defendant's offense conduct also includes his involvement in the gift check scheme. If the defendant had properly completed the title commitments and notified the lender as required that the gift

3

money was coming from seller, these offenses would not have taken place. The defendant's role was an essential part of the fraud.

5.      Defendant claims that only 8 of the 125 properties have gone into foreclosure.  His claim is incorrect. 17 of the 125 properties have been foreclosed upon, and at least 4 more have been reacquired by HUD.  An additional 9 properties have a lis pendens filed against them.  At least 14% of the properties (21 of 125) have either been foreclosed upon or reacquired awaiting resale.  If we include the nine properties with a lis pendens, 24% of the properties are in jeopardy.  Either figure is well above the defendant's claimed national average of 6.4%.

6.      The defendant claims that he should get a downward departure, because of what he claims are "the lender's irresponsible lending practices of not verifying information supplied by potential borrowers."  It is incredible for the defendant to make such a claim.  At trial even the defendant's own expert witnesses testified that the defendant had a fiduciary duty to all the parties, including the lender.  The defendant had a duty of trust and was to look out for the interests of the lender.  The defendant blatantly breached that duty.  Now the defendant claims that the lender should have not trusted the defendant.  Well, in hindsight, the lender should not have trusted the defendant or any of the others associated with the fraud.  However, Corithian at that time was doing over 600 closings a month, and could not look

4

over everybody's shoulder.    They did post-close of 10% of the
files, which led to the eventual discovery of the fraud.    The
defendant refers to the "cavalier lending practices" of Corinthian.
The lending practices were not cavalier.    Corinthian, based in
Kansas, trusted the people they were dealing with.    Unfortunately,
the defendant took advantage of that trust. The defendant, not the
lender, is at fault for this fraud, and a downward departure is not
warranted.

### The Defendant's Actions Were an Essential Cause of the Loss

7.        The defendant claims that he deserves a downward
departure, because there were multiple causes of the loss.    There
is no factual basis for such a departure.    The defendant cites
cases from the early 1990's.    In 1991 and prior years Application
Note 10 to the Sentencing Guidelines read that "in a few instances
the total dollar loss that results from the offense may overstate
its    seriousness.    Such    situations    typically    occur    when    a
misrepresentation is...not the sole cause of the loss." The
downward departure cases cited by defendant refer to this language.
The language regarding the "sole cause of the loss" was eliminated
with the Guidelines beginning in 1991.    After that time these
departure cases disappeared.    Thus, it is even questionable whether
this is now an allowable basis for a departure.    Instead, it
appears that now the consideration of a defendant's participation
in the cause of the loss is relevant to a party's role in the

offense.  In <u>United States</u> v. <u>Rodriguez De Varon</u>, 175 F3d 930 (11th Cir. 1999), the court noted that in determining whether an individual is deserving of a minor role the district court must first consider the defendant's role in the relevant conduct for which he was held accountable at sentencing.  It seems that now "multiple causes" is an improper basis for a departure.

8.    In any case, as noted above, the defendant's role was essential to the scheme.  The defendant claims he was ignorant of certain aspects of the scheme.  The defendant cannot claim ignorance as he knew the type of person that Cohen was as he had represented Cohen for cheating borrowers out of their refunds. Yet, almost immediately after Cohen was sentenced for that crime, the defendant solicited his business.  The defendant knew from the beginning that Cohen and Silverman needed false title commitments prepared, which the defendant agreed to do.  The defendant also learned relatively early on that the buyers were not providing the necessary down payments.  It could hardly be a shock to the defendant that Cohen and Silverman were also providing false income information.  The defendant claims that if the Cohen and Silverman did not falsify the borrower's income, there would be no foreclosures.  This is totally unsubstantiated.  The defendant knew the borrowers did not have sufficient assets as Silverman was providing the gift funds.  As the defendant was an essential part of the scheme there is no basis for this departure.

6

## The Loss of Defendant's Law License is Not a

## Basis for A Downward Departure

9.      The defendant requests a downward departure, because he is losing his license to practice law.  The defendant properly notes the applicable Eleventh Circuit law that a loss of professional license is not a proper basis for downward departure in cases in which a defendant had received an enhancement for abuse of trust or use of special skill, which the defendant has in this case.  See <u>United States</u> v. <u>Steele</u>, 178 F3d 1230 (11th Cir. 1999); See also <u>United States</u> v. <u>Hoffer</u>, 129 F.3d 1196, 1204-06 (11th Cir. 1997). A departure under such circumstances, the court observed, would negate an enhancement for the abuse of a special position to facilitate the crime that is mandated pursuant to other sections of the Guidelines. See id. at 1205.  There is no reason to distinguish the defendant's case from the defendants in <u>Hoffer</u> and <u>Steele</u>.  Thus, this basis is without merit.

## There is No Basis For a Departure Based on Victim's Conduct

10.      The defendant claims that he should get a downward departure based on the victim's conduct.  The defendant cites as his basis an unpublished opinion in <u>United States</u> v. <u>Birch</u>, 57 F3d 1078 (9th Cir. 1995).  In <u>Birch</u> the court held that Guideline Section 5K2.10 provides that departure may be appropriate when "the victim's wrongful conduct contributed significantly to provoking" defendant's offense.  The district court in <u>Birch</u>

7

found that bankers at Pacific First Federal "approved of, either implicitly or by past practice" the Birches' activities. There is no evidence to suggest that Corinthian "provoked" the defendant's offense. Further, there is also nothing to suggest in this case that Corinthian ever approved of defendant's conduct. As the decision in <u>Birch</u> is not applicable, there is no basis for a downward departure based on the conduct of Corinthian.

### There is no Basis to Depart on Alleged Sentencing Disparity

11.    The defendant alleges that he should receive a downward departure to equalize the sentencing disparity between himself and his co-defendants. The defendant properly notes that the Eleventh Circuit has frequently held that this is not a proper basis for a departure. See <u>United States</u> v. <u>Requeiro</u>, 240 F3d 1321, 1325-1326 (11th Cir. 2001) and <u>United States</u> v. <u>Quinn</u>, 123 F3d 1415-1425 (11th Cir. 1997). The defendant suggests that the Court should follow the post-<u>Koon</u> case law from the Ninth Circuit that sentence disparity is an allowable basis for departure. However, in <u>Quinn</u>, the Eleventh Circuit declined to follow the Ninth Circuit on this issue.

12.    The disparate treatment claimed by the defendant is that co-defendant Cohen received a sentence of 32 months. However, this sentence was after Cohen had received a downward departure of 14 months due to his substantial assistance and

8

three points for acceptance of responsibility.  If Cohen had gone
to trial like the defendant, his sentencing guideline range would
have been 63-78 months, which is above the defendant's guideline
range of 51-63 months.   By granting such a departure the
defendant would, in effect, get the benefit for acceptance of
responsibility and substantial assistance that he is not entitled
to.  This cannot possibly be the intent of the Sentencing
Guidelines.

**CONCLUSION**

For the foregoing reasons the Defendant's Motion for
Downward Departure must be denied.


Respectfully submitted,

GUY A. LEWIS ,
UNITED STATES ATTORNEY

By: _____

JEFFREY N. KAPLAN
Assistant United States Attorney
FLA BAR No.  A005500030
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255x3515
Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail, this ___ day of February, 2002, to: Joel Hirschhorn, Esq., Douglas Center, Penthouse One, 2600 Douglas Road, Coral Gables, Florida 33134.

_____
JEFFREY N. KAPLAN
Assistant United States Attorney

10