JNK:sr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON

UNITED STATES OF AMERICA,          :

        PLAINTIFF,          :

v.          :

BRUCE HOLLANDER,          :

        DEFENDANT.          :

_____

## GOVERNMENT'S OPPOSITION TO DEFENDANT"S BELATED MOTION FOR DOWNWARD DEPARTURE AND SUPPLEMENTAL OBJECTIONS TO THE PSI

The United States of America, by and through its undersigned counsel, hereby opposes defendant's Belated Supplemental Motion for Downward Departure and Supplemental Objections to the PSI, and states as follows:

1. In February, 2002 the sentencing of the defendant was continued. The court ordered the government to provide within 30 days additional documentation as to the losses incurred, and within 15 days thereafter the defendant was to detail his objections to the government's loss calculation.

2. Within the 30 day period the government contacted defense counsel and a meeting was scheduled for March 26, 2002. The government provided counsel with all the records. On the afternoon of April 25, 2002, the defendant faxed his objections. The defendant attached as Exhibit 1 his revised loss calculations. The defendant reduced the losses with respect to the

1

properties which he closed that were resold by HUD, but failed to explain the basis for such reductions. This is precisely what the defendant was ordered to do. For example, the Steven Garcia property, which the parties spent considerable time discussing at the initial sentencing, the defendant claims should be reduced from $35,841 to $21,340.96, without any explanation for the reduction. The loss includes the actual expenses HUD paid under its obligation to guarantee the loan. All expenses of sales, such as attorneys fees, are included in calculating the loss. See e.g. United States v. Blackburn, 9F3d.353 (5th Cir. 1993)(attorney's fees are properly includable in loss calculation).

3. The defendant attempts to exclude from the loss calculation the Garrepy loan, which was a conventional loan. The defendant claims that somehow only HUD insured loans can be included. The defendant's claim is baseless. The indictment is not limited to HUD insured loans. First Banker's Mortgage Services, the lender on the Garrepy loan, was listed in paragraph 7 of the indictment as one of the lenders that the conspirators defrauded. Thus, the loan must be included.

4. The defendant claims that the Jean Alabre loan should not be included, because Alabre is in bankruptcy. To the contrary, the bankruptcy is further evidence that the loan will not be repaid. The defendant claims that the Wesley Grant and Richard King loans should not be included because they are uncharged conduct. However, the law in the Eleventh Circuit is clear that uncharged conduct can be included in relevant conduct. See United States v. Exarhos, 135 F.3d 723, 729 (11th Cir. 1998); United States v. Ignancio Munez, 909 F.2d 436, 438-439 (11th Cir. 1990). In Ingnacio Munoz the government convicted the defendant of both possession and delivery of approximately $10,840 in counterfeit currency. At sentencing, the government tried

to hold the defendant accountable for $1.1 million in fraud. The District Court agreed that the loss was $1.1 million. The Eleventh Circuit affirmed stating that conduct not contained in the indictment may be considered at sentencing.

5.	The defendant also objects to the inclusion of the losses after May 1998. However, the defendant was still a member of the conspiracy.[1] The defendant not only closed loans for Silverman & Cohen, but was on retainer to consult regarding any legal problems that arose. They arose around July 1998 when HUD began an audit of PAMI. The defendant told Silverman to "stonewall" the auditor and lie about his knowledge of the fraudulent documents. Silverman followed the defendant's advice and lied to the HUD auditors. The defendant also "stonewalled" the HUD auditors by failing to turn over documents for five months. As the defendant was still in the conspiracy he must be held responsible for his conduct.

6.	The defendant again requests a minor role, and contends he was a relatively minor participant. To the contrary his role was essential in closing the deals. As noted in the government's prior memorandum the defendant should have gotten a role enhancement as he directed two of his employees, Terry Ellis and Lybea McGhie, to falsely prepare title committments.

7.	The defendant also argues again that a downward departure should be given since the case was allegedly a "fraud case", not a money laundering case, but the defendant has been sentenced under the money laundering guidelines. This is precisely what the Eleventh Circuit in United States v. Adams, 74 F.3d 1093 (11th Cir. 1996) stated that a district court cannot do. In

---

[1] The defendant makes the frivolous claim that this is uncharged conduct. The defendant is charged in a conspiracy from December 1996 through September 1999, it is clearly "charged" conduct.

Adams the Eleventh Circuit stated that a defendant convicted of money laundering must be sentenced under the money laundering guidelines and a district court cannot make a downward departure to avoid sentencing a defendant under the money laundering guidelines.

8.   Lastly, the defendant claims that he should receive a downward departure due to his medical condition. A departure from the Sentencing Guidelines range generally is not warranted unless there is competent medical testimony establishing that a defendant needs constant medical care or that the care he need will not be available to him in prison. See e.g. United States v. Sherman, 53 F.3d 782, 787 (7th Cir. 1995). Such is not the case here and a departure is not warranted.

## CONCLUSION

For the foregoing reasons defendant's belated Motion for Downward Departure and Objections to the PSI must be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
JEFFREY N. KAPLAN
COURT NO.A5500030
500 E. Broward Blvd. 7th Flr
Ft. Lauderdale, Fl 33394
(954) 356-7255
(954) 356-7336

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 26th day of April, 2002 to Joel Hirschhorn, Esquire, Douglas Centre Penthouse I, 2600 S. Douglas Rd., Coral Gables, Florida 33134.

JEFFREY N. KAPLAN
ASSISTANT U.S. ATTORNEY