USDC FLSD 245B (Rev 3/01) - Judgment in a Criminal Case  Page 1 of 7

# United States District Court
## Southern District of Florida
### FT. LAUDERDALE DIVISION

UNITED STATES OF AMERICA

v.

BRUCE HOLLANDER

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 00-6168-CR-FERGUSON

Counsel For Defendant: Joel Hirschhorn, Esq.,
Counsel For The United States: Jeffrey Kaplan
Court Reporter: Carl Schanzleh

FILED by _____ D.C.
APR 29 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

The defendant was found guilty on Counts ONE(1) through SIX (6) and SEVEN (7) through TWELVE (12) and THIRTEEN (13) of the Indictment.
ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
| --- | --- | --- | --- |
| 18 U.S.C. § 371 | CONSPIRACY | December 1996 | ONE |
| 18 U.S.C. § 1343 | WIRE FRAUD | December 15, 1997 | TWO |
| 18 U.S.C. § 1343 | WIRE FRAUD | October 17, 1997 | THREE |
| 18 U.S.C. § 1343 | WIRE FRAUD | September 11, 1997 | FOUR |
| 18 U.S.C. § 1343 | WIRE FRAUD | November 11, 1997 | FIVE |
| 18 U.S.C. § 1343 | WIRE FRAUD | November 24, 1997 | SIX |
| 18 U.S.C. § 1010 | FALSE STATEMENTS | June 6, 1997 | SEVEN |
| 18 U.S.C. § 1010 | FALSE STATEMENTS | June 26, 1997 | EIGHT |
| 18 U.S.C. § 1010 | FALSE STATEMENTS | May 22, 1997 | NINE |
| 18 U.S.C. § 1010 | FALSE STATEMENTS | June 6, 1997 | TEN |
| 18 U.S.C. § 1010 | FALSE STATEMENTS | September 25, 1997 | ELEVEN |
| 18 U.S.C. § 1010 | FALSE STATEMENTS | January 7, 1998 | TWELVE |
| 18 U.S.C. § 1956 (h) | CONSPIRACY MONEY LAUNDERING | July 1997 | THIRTEEN |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: August, 16 1943
Deft's U.S. Marshal No.: N/A

Date of Imposition of Sentence:
April 29, 2002



Defendant's Mailing Address:
900 NE 25th Avenue
Hallandale, Florida 33009

Defendant's Residence Address:
900 NE 25th Avenue
Hallandale, Florida 33009

_____
WILKIE D. FERGUSON, JR.
United States District Judge

April _____, 2002

DEFENDANT: BRUCE HOLLANDER
CASE NUMBER: 00-6168-CR-FERGUSON

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **24 months as to counts 7-12 of the thirteen (13) count indictment and 51 months as to counts 1-6 to run concurrently for a total period of fifty-one (51) months.**

The Court recommends to the Bureau of Prisons:

> The Court recommends that the defendant be incarcerated in a South Florida Facility.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

DEFENDANT: BRUCE HOLLANDER
CASE NUMBER: 00-6168-CR-FERGUSON

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to counts 1-6 and 13 and one (1) year as to counts 7-12 of the thirteen count indictment.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: BRUCE HOLLANDER
CASE NUMBER: 00-6168-CR-FERGUSON

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

- The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

DEFENDANT: BRUCE HOLLANDER
CASE NUMBER: 00-6168-CR-FERGUSON

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $1,300.00 | $ | $429,329.00 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| HUD | $ | $443,429.00 | |
| WELL FARGO | $ | $25,900.00 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: BRUCE HOLLANDER
CASE NUMBER: 00-6168-CR-FERGUSON

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

    A. Lump sum payment of **$430,629.00** due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment/fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

    **U.S. CLERK'S OFFICE**
    **ATTN: FINANCIAL SECTION**
    **301 N. MIAMI AVENUE, ROOM 150**
    **MIAMI, FLORIDA 33128**

**The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.