JNK:sr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-FERGUSON

UNITED STATES OF AMERICA,      :

        PLAINTIFF,      :

v.      :

BRUCE HOLLANDER,      :

        DEFENDANT.      :



### GOVERNMENT'S OPPOSITION TO DEFENDANT"S MOTION FOR BAIL PENDING APPEAL

The United States of America, by and through its undersigned counsel, hereby opposes defendant's Motion for Bail Pending Appeal, and states as follows:

1. In September, 2001 a federal grand jury returned a thirteen count superceding indictment against the defendant. Count I of the indictment charged the defendant with conspiracy to commit wire and mail fraud and making false statements to a lender in order to obtain a HUD insured loan. Counts 2-6 charged him with wire fraud, Counts 7-12 charged him with making false statements to a lender in order to obtain a HUD insured loan, and Count 13 charged him with money laundering. The trial began on November 6, 2001, and on November 20, 2001, the jury found the defendant guilty on all thirteen counts.

2. On April 29, 2002, this Court sentenced the defendant to fifty-one (51) months imprisonment. The Court noted that it was inclined to grant a request for bond pending appeal,

1



but asked the defendant to file such a motion setting forth the basis.

  3.  18 U.S.C. §3143(b)(1) states that a defendant who has been found guilty of an offense and sentenced shall be detained unless the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released..., and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in
>   (i) reversal,
>   (ii) an order for a new trial,
>   (iii) a sentence that does not include a term of imprisonment, or
>   (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

See also United States v. Giancola, 754 F.2d 898 (11th Cir. 1985); United States v. Laetivadal-Gonzalez, 939 F.2d 1455 (11th Cir. 1991).

  4.  The defendant has not met the requirements set forth above for bond pending appeal as he has not set forth a substantial question of law or fact likely to result in a reversal. The defendant's motion merely addresses in conclusory fashion that there is a substantial question of law or fact likely to result in reversal. However, the defendant does not state what issue there is and why it is likely to cause a reversal. At the time of sentencing, the Court in discussing the issue of bond pending appeal suggested that the issue of materiality as to the misrepresentations made by the defendant may be such an issue. First, the issue of materiality was previously decided in United States v. DeCastro, 113 F.3d 176 (11th Cir. 1997) wherein the Eleventh Circuit held that materiality is not an element of making a false statement to HUD, in violation of 18 U.S.C. §1010. The Court in this case did instruct the jury that materiality was an

2

element of wire fraud in Counts 2-6. This issue would only effect Counts 7-12 as only the false statements to HUD need not be material. Thus, the jury's verdict with respect to Counts 1 through 6 and Count 13 would remain unchanged, and the defendant's sentence would remain unchanged. Lastly, as the Supreme Court noted in Neder v. United States, 119 S.Ct. 1827 (1999) failure to instruct a jury on the issue of materiality can be determined to be harmless as it was determined to be in Neder.

5. The defendant has not set forth as required any substantial questions of law or fact likely to result in reversal or an order for new trial. The evidence of defendant's guilt presented at trial was overwhelming. The most incriminating evidence was the defendant's own words in a tape recorded conversation with co-defendant Eric Silverman and the testimony of two of his former employees that he told to falsely prepare the title commitments or else the financial institution would not lend. After seven days of trial the jury spent approximately 3 ½ hours in deliberations before convicting the defendant on each and every count. There are no substantial legal or factual issues likely to cause a reversal or appeal. Thus, the defendant's motion for bond pending appeal must be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
JEFFREY N. KAPLAN
COURT NO.A5500030
500 E. Broward Blvd. 7th Flr
Ft. Lauderdale, Fl 33394
(954) 356-7255
(954) 356-7336

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 14th day of May, 2002 to Joel Hirschhorn, Esquire, Douglas Centre Penthouse I, 2600 S. Douglas Rd., Coral Gables, Florida 33134.

JEFFREY N. KAPLAN
ASSISTANT U.S. ATTORNEY