

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO. 00-6168-CR-FERGUSON



UNITED STATES OF AMERICA,

        Plaintiff,

vs.

BRUCE HOLLANDER,

        Defendant.

_____/


**DEFENDANT'S RESPONSE TO GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**

      COMES NOW the Defendant, BRUCE HOLLANDER, and by way of Response to the

Government's Opposition to Defendant's Motion for Bail Pending Appeal would show as

follows:

      1.      The Government's Opposition to Defendant's Motion conveniently overlooks the

reality that when the Government rested, the Defendant moved for Judgment of Acquittal. The

Court reserved ruling on the Motion.   At the conclusion of all the evidence in the case,

Defendant renewed his Motion for Judgment of Acquittal.  The Court reserved ruling on that

Motion. Following the jury's verdict, the Defendant, by written pleading, renewed his Motion for Judgment of Acquittal and filed a separate Motion for New Trial. Although it is obvious that these motions have, sub silentio, been denied because the Court proceeded to sentence the Defendant. At sentencing, the Court announced that it would be issuing a written order with respect to both Motions. To date the undersigned has not received a copy of such order.

2.      Based upon the above, it is clear that the Court thought there was sufficient merit to Defendant's Motions for Judgment of Acquittal and New Trial, to reflect upon same before denying them. Even though the Government may disagree, the harsh reality is, clearly the Court believes that the Defendant's Motions have some merit.

3.      To satisfy the Government's concern that the Defendant's original Motion for Bail Pending Appeal was "bare bones," the undersigned respectfully adopts, as if set forth more fully herein, the oral arguments made in support of his Motion for Judgment of Acquittal at the various stages of these proceedings and, also adopts, as if set forth more fully herein, Defendant's Renewed Motion for Judgment of Acquittal and Motion for New Trial, together with the Memorandum of Law submitted in support of same.

4.      The Government argues that in Neder v. United States, 119 S.Ct. 1827 (1999), the District Court's failure to instruct the jury on the issue of materiality can be measured by the "harmless error" rule. Upon remand, the Eleventh Circuit held that misrepresentations made by a defendant in the course of obtaining land acquisition loans were, apparently as a matter of law, material so that the failure to instruct on materiality with respect to those counts of the Indictment was harmless. United States v. Neder, 197 F.3d 1122 (11th Cir. 1999). As the undersigned recollects, the Government contended that materiality was not an issue, hence failure to give the materiality instruction with respect to the HUD counts was merely harmless.

HIRSCHHORN & BIEBER, P.A., DOUGLAS CENTRE, PENTHOUSE ONE, 2600 DOUGLAS ROAD, CORAL GABLES, FL 33134, TEL (305) 445-5320, FAX (305) 446-1766

Defendant contends, of course, materiality is (or should be) an issue and, therefore, failure to give the jury instruction was error.

WHEREFORE, having responded to the Government's Opposition to Defendant's Motion for Bail Pending Appeal, the undersigned again urges this Court to grant Defendant's Motion for Bail Pending Appeal. Clearly, the Defendant meets the requirements of 18 U.S.C. § 3143(b)(1)(A) and (B)(i), (ii), (iii) & (iv).

Respectfully submitted,

HIRSCHHORN & BIEBER, P.A.
Attorneys for Defendant HOLLANDER
2600 Douglas Road, PH One
Coral Gables, FL 33134
Telephone #: (305) 445-5320
Facsimile #: (305) 446-1766

By:_____
JOEL HIRSCHHORN
Florida Bar No. 104573

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile and U.S. mail this _____ day of May, 2002, to:

Jeffrey Kaplan, Esq.
Assistant United States Attorney
United States Attorney's Office
500 East Broward Boulevard, Seventh Floor
Fort Lauderdale, FL 33301
(via facsimile (954) 356-7336 & U.S. mail)

_____
JOEL HIRSCHHORN

3