UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-DKTH

-------------------------------------------------X
UNITED STATES OF AMERICA,
        *Plaintiff,*

Vs.

BRUCE HOLLANDER,
        *Defendant.*
-------------------------------------------------X

### DEFENDANT'S OBJECTION TO USE OF SENTENCE-ENHANCING FACTORS NOT PLEAD IN THE INDICTMENT OR SPECIALLY FOUND BY THE JURY IN "CONSIDERING" THE ADVISORY GUIDELINES

Defendant, Bruce Hollander, respectfully moves this honorable Court pursuant to *United States Booker*, 125 S. Ct. 738 (2005) for an order precluding the use of sentence-enhancing factors [not plead in the superseding indictment or specially found by the jury] in the Court's "consideration" of the advisory Guidelines. As reasons and grounds, defendant states:

### OBJECTIONS TO PSI

1.    In extending *Blakely v. Washington*, 124 S. Ct. 2531 (2004)

to the federal sentencing guidelines, *Booker* held that the constitutional jury trial requirement was not compatible with the SRA as written. Accordingly, the Court required that 18 U.S.C. 3553(b)(1), which made the Guidelines mandatory, be "sever[ed] and excise[d]. *Id.* at 125 S. Ct. at 764.

    2.   Consistent with *Jones, Apprendi, Blakely, and Booker,* defendant objects to the very consideration of sentence-enhancing factors urged by the government because they were neither plead in the superseding indictment nor submitted to the jury for a special verdict.

    3.   The government, of course, bore the burden of substantiating the base offense level and aggravating specific offense characteristics under the mandatory guideline regime. That burden is unabated post-*Booker* but the Court should determine, in advance, whether to permit a "mini-trial" on the "advisory," and thus, illusory Guidelines while judicial resources are at a scarcity and the Eleventh Circuit keen appreciation of the futility of numbers, at least here.

4. Undersigned counsel, appalled by the lawyers' acrimonious tit-for-tat in the previous sentencing (loss) proceedings,[1] has no intention of seeking an evidentiary hearing on the loss and other sentence enhancing factors sought by the government, some of which—however grossly over-exaggerated—should be summarily denied under the discretion consistent in Rule 32.

5. This applies to the rigors of limitations on the nature and scope of relevant conduct, focusing in particular on the reliability of the methodologies extant in the record.

6. Thus, the government is estopped in urging that an imaginary guideline automatically triggers a grossly inflated Base Offense Level money laundering guideline.

7. And, in light of both *Blakely* and *Booker*, it's manifestly evident that obstruction under USSG 3C1.1 may not even enhance a sentence at all under a guideline regime, however imaginary or "advisory."

---

[1] The Eleventh Circuit noted, without approval that "the zealous advocacy on both sides seems to have obscured, rather than clarified, many of the [sentencing] issues involved. *United States v. Hollander, supra* at 15.

3

7. Similarly, the official histrionics which characterized all previous pleadings and proceedings make the necessity of responding in substance or kind to the Government's Motion for Upward Departure unwarranted except as sought, subject to the court's discretion.

8. This case proceeds on a contemporized paradigm which lends itself in the first instance to a broad and holistic view of the offense, the character and background of the defendant, and the realistic "purposes" of sentencing.

9. Defendant objects to not only the amount of loss but more critically, the methodology employed in a manner clearly inconsistent with the relevant conduct *limitations* protected by the advisory guidelines. PSI @ para. 8-20, 21-32, 33.

10. Defendant objects to allegations of obstruction of justice, USSG 3C1.1. Government Motion for Upward departure (*sic*).

11. Defendant objects to the base offense level, 20, (PSI @ para. 42 and the increase for conviction under 1956(h), PSI @ para 43.

12. Defendant objects to enhancement under USSG 3B1.1.

13. Defendant objects to both the amount of loss for relevant conduct purposes and the amount of restitution.

WHERTEFORE, defendant respectfully objects to any and all objections in the PSI in contravention of *Booker*.