UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-DTKH

-----------------------------------------------X
UNITED STATES OF AMERICA,
        *Plaintiff,*

Vs.

BRUCE HOLLANDER,
        *Defendant.*
-----------------------------------------------X



## DEFENDANT'S MOTION SEEKING DISCLAIMER OF JUDICIAL RELIANCE ON THE CONTROVERTED ISSUE OF LOSS

    Defendant, Bruce Hollander, through counsel, respectfully movers this honorable Court pursuant to Rule 32(i)(3)(A), Fed. R. Crim. P. for an order disclaiming reliance upon controverted statements in the presentence investigation report (PSI) regarding "loss." As reasons and grounds, defendant states:

    1.    Defendant filed objections to the PSI controverting, *inter alia,* the amount of loss for the purpose of calculating the advisory Guidelines.

    2.    In meetings and contact between counsel for the parties, it's clear that the amount of loss— though concededly lower than previously argued by the government— is its overriding sentencing "purpose."

3. The previous two-day sentencing hearing focused on *arguments* of counsel with respect to loss for which the sentencing judge failed to make adequate findings of fact and conclusions of law with respect to relevant conduct which compelled vacation of the sentence by the Court of Appeals.

4. Under the contemporary sentencing paradigm, it's neither necessary nor desirable to conduct a "mini-trial" on this singular point. For this reason, and to promote judicial economy and the efficient administration of justice, the Court should determine that a ruling on the amount of loss is unnecessary under Rule 32(i)(3)(B)(2004):

> (3) **Court Determinations.**
>
> At sentencing, the court: . . .
>
> > **(B)** must— for any disputed portion of the presentence report or other controverted matter— rule on the dispute **OR determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.**

*Id.* (emphasis added).

5. Of course the Court is free to consider in a general way the social harm or an element of loss as an indictor of relative culpability, 18 U.S.C. 3661,[1] within the statutory framework of consideration of "the nature and

---

[1] "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which

2

circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. 3553(a)(1).

6. *Booker* does not compel an advisory determination of loss with conclusiveness, so long as the Guidelines as a whole are adequately taken into consideration and accorded whatever weight, if any, as one of many factors informing the sentencing determination.

7. Though the advisory Guidelines are artificially inflated in two fundamental respects, (1) application of the money laundering guideline, USSG 2S1.1(a)(1); and, (2) the amount of "loss," the myopic view of sentencing advanced by the government is genuinely counter-productive, especially in the wake of *Booker*.

8. At it's core, this case plainly is **not about money laundering** but rather, allegations of facilitating **fraudulent HUD loans**.

9. This indisputable proposition reflects one of the former guidelines' fundamental infirmities: **artificial inflation** of the sentencing range by prosecutorial mischaracterization of the gravaman of relevant conduct thereby triggering grouping rules[2] which employ the incidental money

---

a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *Id.*

[2] "The guideline for Count 13, the money laundering offense, is the most serious and results in the higher offense level for the two groups [fraud and money laundering] offenses." PSI at p. 12, para 41.

3

laundering conduct to increase the Base Offense Level (BOL) from 6 [+ additional levels, (if any, for loss exceeding $5000. 2B1.1(a)(2) & (b)(1)) to BOL 20 [+ "loss" above $5000].

10. On the basis of the record in this case, including: (a) the PSI; (b) transcript of sentencing; (c) the appellate decision; (d) the [anticipated] 2nd Revised Addendum to the PSI; and, (e) all presentence pleadings, before and after appeal— an extended argument or evidentiary hearing on loss only to satisfy consideration of the "advisory" guidelines is plainly unnecessary and counter-intuitive given the new sentencing system.

WHEREFORE, it is respectfully prayed that an order issue finding that the controverted matter, amount of loss, will not affect or be considered at sentencing.

Respectfully submitted,

BENSONWEINTRAUB
1 E. Broward Blvd. #700
Ft Lauderdale, FL. 33301
Tel 954/713-801
Cell (direct) 954/805-817
Fax 954/745/580

By: _____
Benson Weintraub, Esq.
FL Bar No. 0486418

## CERTIFICATE OF SERVICE

I CERTIFY that the foregoing was delivered by hand this 17th day of March 2005 to Jeffrey Kaplan, AUSA 500 E Broward Blvd. 7th Ft Lauderdale, FL 33301; Georgann Stanley, USPO 299 E Broward Blvd #409 Ft Lauderdale, FL. 33301

By: _____