UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6168-CR-Hurley

----------------------------------------X

UNITED STATES OF AMERICA,
　　　　　*Plaintiff,*

Vs.

BRUCE HOLLANDER,
　　　　　*Defendant.*
----------------------------------------X



*Granted*
*(handwritten notations, Chief US Magistrate Judge, 31 May 05)*

## *EX PARTE* MOTION FOR LEAVE TO WITHDRAW AS COUNSEL ON APPEAL

Movant, Benson Weintraub, Esq., respectfully moves this honorable Court pursuant to S.D.FL.. L.R. 88.9 for leave to withdraw as counsel on appeal in this case. As reasons and grounds, movant states:

　　1.　Undersigned counsel was retained for the sole purpose of representation at sentencing pursuant to a written retainer agreement, the terms of which required the defendant to pay a legal fee in the amount $17,500 plus a $500 cost deposit.

　　2.　The fee was paid in full, however there is a balance due

for litigation costs and expenses of between $500-$750.

3. The sentencing proceeding spanned approximately 3-4 days.

4. Counsel filed extensive presentence pleadings which were richly annotated reflecting research updated on Westlaw up to the date of filing.

5. Counsel estimates that the amount of time expended for professional services was approximately 100 hours.

6. Counsel duly filed a timely Notice of Appeal on Mr. Hollander's behalf and met with him at FDC on two occasions to fully apprise him of his appellate rights and responsibilities and the relative merit of claims which counsel is opined present a probabaility of success on the merits based on their constitutional character to the exclusion of the 'reasonableness' standard enunciated in *Booker*.

7. During said meetings, Mr. Hollander was advised as to the immediate financial requirements necessary to retain undersigned counsel to prosecute the appeal on his behalf.

8. In the 2 weeks or so since the last interview, neither Mr.

Hollander nor his family initiated any contact to accept or reject the terms and conditions of continued representation. Mr. Hollander was advised that unless such arrangements were made, this motion would be filed though counsel consented, at client's request, to withhold filing until the Court of Appeals docketed the case. That occurred on April 4, 2005 by letter dated April 8th which was just received.

WHEREFORE, for the foregoing reasons, it is respectfully prayed that an order issue granting movant leave to withdraw as appellate counsel.

          Respectfully submitted,

**BENSON WEINTRAUB, ESQ.**
1 E. Broward Blvd. #700
Ft Lauderdale, FL. 33301
Tel 954/713-8018
Cell(direct) 954/805-8172
Fax 954/745-5801

By: _____
Benson Weintraub,
FL Bar No. 0486418