# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

October 30, 2007

Clarence Maddox
Clerk, U.S. District Court
301 N MIAMI AVE STE 150
MIAMI FL 33128-7788

**Appeal Number: 05-11825-CC**
Case Style: USA v. Bruce Hollander
District Court Number: 00-06168 CR-DTKH

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 05-11825

District Court Docket No.
00-06168-CR-DTKH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct 1, 2007
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

versus

BRUCE HOLLANDER,

       Defendant-Appellant.

------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

------------------------------------------------------------

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



ISSUED AS MANDATE
OCT 3 0 2007
U.S. COURT OF APPEALS
ATLANTA, GA.

Entered:   October 1, 2007
For the Court:   Thomas K. Kahn, Clerk
By:   Jackson, Jarvis

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
          FILED
  U.S. COURT OF APPEALS
    ELEVENTH CIRCUIT
     OCTOBER 1, 2007
     THOMAS K. KAHN
         CLERK
```

No. 05-11825

D. C. Docket No. 00-06168-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUCE HOLLANDER,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(October 1, 2007)

Before ANDERSON and PRYOR, Circuit Judges, and VINING,[*] District Judge.

PER CURIAM:

---

[*] Honorable Robert L. Vining, United States District Judge for the Northern District of Georgia, sitting by designation.

Bruce Hollander appeals his 51-month prison sentence, which followed his conviction of 13 charges related to fraud in connection with loans insured by the U. S. Department of Housing and Urban Development. We described the facts underlying his conviction in United States v. Hollander, No. 02-12668 (11th Cir. Nov. 13, 2003), in which we affirmed Hollander's conviction and vacated the sentence that he originally received. Hollander presents three arguments in this appeal: (1) his second sentence was the product of unconstitutional vindictiveness; (2) the district court erred in determining the amount of loss attributable to him; and (3) the district court erred by adjusting his offense level upward under the United States Sentencing Guidelines, before imposing the same 51-month sentence that he received the first time the district court sentenced him. We affirm.

At Hollander's second sentencing, the government made several arguments concerning Guideline offense-level adjustments that it did not make at Hollander's first sentencing, and Hollander argues that the district court's consideration of these arguments violated the law of the case doctrine and the Due Process guarantee against vindictive sentencing. We disagree.

United States v. Stinson, 97 F.3d 466 (11th Cir. 1996), is conclusive of both arguments. We vacated Hollander's sentence in Hollander I, slip op. at 20; which rendered it "void in its entirety." Stinson, 97 F.3d at 469. In the light of our

vacatur, the law of the case doctrine did not restrict the district court in the range of issues that it could consider on remand, id., so the district court did not err. Hollander's Due Process argument is equally meritless, because "Due Process is implicated only if[,] 'after the vacatur of a defendant's sentences, the district court imposes a harsher punishment.'" Stinson, 97 F.3d at 470 (emphasis added). "Since the resentencing court imposed on [Hollander] a term of incarceration identical to his original term, Due Process is not implicated here." Id.

Hollander next argues that the district court improperly determined the amount of loss attributable to him. The district court held Hollander responsible for approximately 40 fraudulent loan transactions involving the Department of Housing and Urban Development. The Department lost money on six of these transactions after foreclosure proceedings. Hollander argues that the district court should have deducted all of the insurance premiums that the Department received on all 40 of the transactions from the amount of loss it calculated based on the six transactions for which the department lost money. We resolved this issue in Hollander I when we instructed that "losses are measured by the unpaid balance of the mortgages less the amounts recoverable from the borrowers or by sale of the collateral." Id. at 20. The district court followed our mandate; it did not err. Hollander also argues that the district court should have excluded $47,786 from its

3

loss calculation as "interest of any kind." U.S.S.G. § 2B1.1 cmt. n.3(D)(i). We need not address this argument because, even if true, it would not affect Hollander's offense level under the Guidelines or his sentence. <u>United States v. Tampas</u>, 493 F.3d 1291, 1305 (11th Cir. 2007).

Hollander next argues that the district court erred by adjusting his offense level based on his role in the offense, abuse of trust, and obstruction of justice. The district court imposed a three-offense-level adjustment based on Hollander's role, based on a finding that Hollander "manage[d]" or "supervis[ed]" "one or more other participants." U.S.S.G. § 3B1.1(b) cmt. n.2. Hollander argues that no evidence established that his employees were criminally responsible, as the Guidelines require, but two of his employees testified that Hollander told them to omit information from real-estate documents. The employees testified that Hollander explained that, if real-estate lenders knew the truth, they would not lend money. The district court did not commit clear error by crediting their testimony and applying the adjustment.

We need not consider Hollander's remaining arguments concerning adjustments. Because the district court explained that it would impose a 51 month sentence notwithstanding a higher guideline range, and the low end of Hollander's guideline range would be 51 months even without adjustments for obstruction and

abuse of trust, any error in applying these adjustments would be harmless. <u>Tampas</u>, 493 F.3d at 1305.

Finally, Hollander raised an argument based on <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), that we have twice rejected. See <u>United States v. Thomas</u>, 446 F.3d 1348, 1354 (11th Cir. 2006); <u>United States v. Duncan</u>, 400 F.3d 1297, 1308 (11th Cir. 2005). Because Hollander abandoned this issue at oral argument, we do not address it a third time.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia